609 So.2d 516 (1992)
In re AMENDMENTS TO the FLORIDA RULES OF APPELLATE Procedure.
No. 79619.
Supreme Court of Florida.
October 22, 1992.
Alan T. Dimond, President, The Florida Bar, Miami, Patricia A. Seitz, Presidentelect, The Florida Bar, John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, and Paul R. Regensdorf, *517 Chair, Appellate Court Rules Committee, Fort Lauderdale, for petitioner.
Anthony C. Musto, Miami, James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, and Thornton J. Williams, Gen. Counsel, and Thomas F. Capshew, Appellate Atty., Florida Dept. of Transp., Tallahassee, responding.
PER CURIAM.
The Florida Bar Appellate Court Rules Committee has submitted for our consideration its quadrennial report of proposed amendments to the Florida Rules of Appellate Procedure pursuant to Rule of Judicial Administration 2.130.[1] The Board of Governors of the Florida Bar has given unanimous approval to the proposed amendments. After full consideration of the recommendations of the Appellate Rules Committee, and the comments received from interested members of the Bar, we amend the rules as set forth below. While we have adopted, in large part, the Committee's recommendations, we have modified the proposed rules where we deemed necessary.
At this time we do not accept the Committee's proposed amendments to rule 9.130(a)(3)(C)(iv) (review of non-final orders), rule 9.140(c)(1)(I) (appeals by the state), or rule 9.330(a) (rehearing, clarification, or certification).
The following is a brief explanation of the substantive rule changes approved by this Court.
Rule 9.010 is amended to eliminate the statement that the Florida Rules of Appellate Procedure supercede all conflicting rules.
Rule 9.020(g) is amended to ensure that an authorized motion for clarification falls within those types of motions that delay rendition. Subdivision (g) is further amended to clarify that, in a multiparty situation, a single order can be "rendered" at different times depending upon when the trial court resolved authorized post-trial motions between particular parties.
Rule 9.040(h) is amended to provide that the failure to attach conformed copies of the order or orders designated in the notice of appeal is not a jurisdictional defect.
Rule 9.100(b) is amended to eliminate the practice of bringing original proceedings on the relation of the state and requires that all parties in the lower tribunal be named as either petitioners or respondents. Subdivision (c) is amended to create a special category for appellate review of final quasi-judicial actions of various agencies, boards, and commissions of local government.
Rule 9.110(m) is amended to expressly allow a premature appeal to be perfected by the filing of a final order prior to dismissal.
Rules 9.110(d), 9.130(c), and 9.160(c), and the forms contained at rule 9.900(a), (c), and (e), are amended to require that, except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal be attached to the notice or sent within 30 days to the reviewing court.
Rule 9.130 is amended to permit appeals from non-final orders granting or denying the certification of a class and from the appointment of a receiver or the termination of a receivership. Subdivision (a)(3)(C)(vi) incorporates the amendment approved in Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla. 1992), permitting appeals from non-final orders that determine that a party is not entitled to workers' compensation immunity as a matter of law.
Rule 9.140(b)(3)(A)(v) is amended, among other things, to prohibit the withdrawal of private counsel in public-funded cases until substitute counsel has been obtained or appointed. Rule 9.140(g) is amended to ensure that denials of motions made pursuant to Florida Rule of Criminal Procedure 3.800(a) have a specific review path to the appellate courts. We reject at this time, however, the additional proposal that would have eliminated briefs, except by court permission, for 3.800 and 3.850 appeals.
*518 Rule 9.200 is amended to standardize the lower court clerk's procedure with respect to the placement and pagination of the transcript in the record on appeal.
Rule 9.210(a)(2) is rewritten to require that all typewritten material in briefs, whether in the text or in footnotes, will be of the same size and the same spacing. Subdivision (g) is amended to provide that notices of supplemental authority may call the court's attention to any authority discovered after the last brief was served. The amendment further provides that the notices may identify briefly the points on appeal to which the supplemental authorities are pertinent.
Rule 9.220 is amended to encourage the reduction of 8.5 by 14 inch appendix documents to 8.5 by 11 inches, if practical, and requires such documents to be bound separately if reduction is impractical.
Rule 9.300(b) is amended to provide that orders extending the time for the preparation of the record, the index to the record, or a transcript, automatically extend for the same period the time for service of the initial brief.
Rule 9.310(c)(1) is amended to eliminate the ability of a party posting a bond to do so through the use of two personal sureties.
Rule 9.800 is updated to make the citation format more accurate and uniform, and was amended to clarify that the rule applies to all legal documents, including court opinions. The amended rule makes clear that the abbreviation for the Southern Reporter, Second Series should appear, as it does in The Bluebook: A Uniform System of Citation (15th ed. 1992), with a space between the "So." and the "2d." The abbreviations for "Florida Law Weekly" and "Florida Law Weekly Federal" are changed to "Fla. L. Weekly" and "Fla. L. Weekly Fed.," respectively. Also, the wording "except in footnotes" is deleted from subdivision (o) to clarify that case names should be underscored in both text and footnotes. Finally, subdivision (k) is amended to indicate that, when citing decisions of the United States Supreme Court, all subsequent citations and pinpoint citations shall be to the United States Reports only.
Appended to this opinion are the new Florida Rules of Appellate Procedure. Deletions are indicated by the use of struck through type. New language is indicated by underscoring. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules. These amendments shall become effective January 1, 1993, at 12:01 a.m.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

APPENDIX

 FLORIDA RULES OF APPELLATE PROCEDURE
9.010. EFFECTIVE DATE AND SCOPE [AMENDED]
9.020. DEFINITIONS [AMENDED]
9.030. JURISDICTION OF COURTS [AMENDED]
9.040. GENERAL PROVISIONS [AMENDED]
9.100. ORIGINAL PROCEEDINGS [AMENDED]
9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS [AMENDED]
 OF LOWER TRIBUNALS AND ORDERS GRANTING NEW
 TRIAL IN JURY AND NON-JURY CASES
9.120. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS [AMENDED]
 OF DISTRICT COURTS OF APPEAL
9.125. REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS [AMENDED]
 CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS
 REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME
 COURT
 [Editorial Changes Only]
9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS [AMENDED]

*519
9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES [AMENDED]
9.150. DISCRETIONARY PROCEEDINGS TO REVIEW CERTIFIED [AMENDED]
 QUESTIONS FROM FEDERAL COURTS
 [Editorial Changes Only]
9.160. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS [AMENDED]
 OF COUNTY COURTS
9.200. THE RECORD [AMENDED]
9.210. BRIEFS [AMENDED]
9.220. APPENDIX [AMENDED]
9.300. MOTIONS [AMENDED]
9.310. STAY PENDING REVIEW [AMENDED]
9.315. EXPEDITED DISPOSITION [AMENDED]
 [Editorial Changes Only]
9.320. ORAL ARGUMENT [AMENDED]
 [Editorial Changes Only]
9.330. REHEARING; CLARIFICATION; CERTIFICATION [AMENDED]
 [Editorial Changes Only]
9.331. DETERMINATION OF CAUSES IN A DISTRICT COURT [AMENDED]
 OF APPEAL EN BANC
9.340. MANDATE [AMENDED]
 [Editorial Changes Only]
9.350. DISMISSAL OF CAUSES [AMENDED]
 [Editorial Changes Only]
9.360. PARTIES [AMENDED]
 [Editorial Changes Only]
9.370. AMICUS CURIAE [NO CHANGE]
 [Editorial Changes to Committee Notes Only]
9.400. COSTS AND ATTORNEY'S' FEES [AMENDED]
 [Editorial Changes Only]
9.410. SANCTIONS [AMENDED]
 [Editorial Changes Only]
9.420. FILING; SERVICE OF COPIES; COMPUTATION OF TIME [AMENDED]
 [Editorial Changes Only]
9.430. PROCEEDINGS BY INDIGENTS [AMENDED]
 [Editorial Changes Only]
9.440. ATTORNEYS [NO CHANGE]
 [Editorial Changes to Committee Notes Only]
9.500. ADVISORY OPINIONS TO GOVERNOR [AMENDED]
 [Editorial Changes Only]
9.600. JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW [AMENDED]
 [Editorial Changes Only]
9.700. GUIDE TO TIMES FOR ACTS UNDER RULES [AMENDED]
 [Editorial Changes Only]
9.800. UNIFORM CITATION SYSTEM [AMENDED]
9.900. FORMS [AMENDED]

FLORIDA RULES OF APPELLATE PROCEDURE

INTRODUCTORY COMMITTEE NOTE TO FLORIDA RULES OF APPELLATE PROCEDURE
1977 Revision. These rules are the culmination of nearly four years of study and discussion. In the autumn of 1973 the Florida Supreme Court called upon the Court Rules Steering Committee of The Florida Bar to conduct an intensive study of the existing appellate rules of procedure. The Florida Appellate Rules Committee, under Chairman William H.F. Wiltshire, Pensacola, and Vice Chairmen Judge Robert *520 T. Mann, Second District Court of Appeal; Judge Stephen H. Grimes, Second District Court of Appeal; and Henry P. Trawick, Jr., Sarasota, held extensive hearings over a period of nearly three years. On September 17, 1976, the Committee's proposal was approved by the Board of Governors of The Florida Bar and on October 14, 1976, the proposal as approved was submitted to the Supreme Court of Florida.
By direction of the Supreme Court of Florida, the Advisory Committee on Appellate Rules, created by Rule 2.1(g) of the former rules, conducted further proceedings over a period of five months under the Chairmanship of Justice Arthur J. England, Jr., The Supreme Court of Florida. Voting members: Judge Guyte P. McCord, Jr., First District Court of Appeal; Judge Joseph P. McNulty, Second District Court of Appeal; Judge Thomas H. Barkdull, Jr., Third District Court of Appeal; Judge James C. Downey, Fourth District Court of Appeal; Judge Howell W. Melton, Seventh Judicial Circuit, St. Johns County; Woodie A. Liles, former Public Counsel for the Citizens of Florida; William H.F. Wiltshire, Pensacola; and Robert Orseck, Miami. Non-voting participants: James D. Little, Miami; Tobias Simon, Miami; Lawrence J. Robinson, Sarasota; C. Marie King, Tampa; Andrew A. Graham, Cocoa; and Joan H. Bickerstaff, Coca. Minutes and Commentary: Michael P. McMahon, Research Aide to Justice Arthur J. England, Jr.
The Florida appellate rules, 1977 Revision, and accompanying Commentary, were submitted by the Advisory Committee to the Florida Supreme Court for its consideration and final approval on April 13, 1977. A summary of the proposed rules was published in the Florida Bar Journal, following which the Florida Appellate Rules Committee met to consider changes proposed by the Advisory Committee. Oral argument on the proposed rules was held on June 24, 1977. Limited portions of this Commentary have been added by the Supreme Court of Florida to explain modifications adopted by the Court after the proposed rules were submitted.
It was the intent of the many persons involved in the drafting of these revised rules to implement the public policy of Florida that appellate procedures operate to protect rather than thwart the substantive legal rights of the people by alleviating existing burdens on the judicial system, by reducing the cost of appeals, by standardizing and expediting the appellate process, and by eliminating unnecessary technical procedures which have at times frustrated the cause of justice.

RULE 9.010. EFFECTIVE DATE AND SCOPE
These rules, cited as "Florida Rules of Appellate Procedure,", and abbreviated "Fla. R. App. P.,", shall take effect at 12:01 a. m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the Ssupreme Ccourt, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction described by Rrule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 revisionAmendment. These rules shall supersede all conflicting rules and statutes.

Committee Notes
1977 RevisionAmendment. The rules have been re-numbered to conform with the numbering system adopted by the Florida Supreme Court for all of its rules of practice and procedure, and to avoid confusion with the former rules, which have been extensively revised. The abbreviated citation form to be used for these rules appears in this rule and in Rrule 9.800(h).
This rule sets an effective date and retains the substance of former Rrules 1.1, 1.2, and 1.4. A transition provision has been incorporated to make clear that proceedings already in the appellate stage prior tobefore the effective date will continue to be governed by the former rules until *521 the completion of appellate review in the court in which it is pending on the effective date. If review is sought after March 1, 1978, of an appellate determination made in a proceeding which was filed in the appellate court before that date, the higher court may allow review to proceed under the former rules if an injustice would result from required adherence to the new rules. Unnecessary language has been deleted and the wording has been simplified. Specific reference has been made to Rrule 9.030(c) in order to clarify those aspects of the jurisdiction of the circuit courts governed by these rules.
1992 Amendment. This rule was amended to eliminate the statement that the Florida Rules of Appellate Procedure supersede all conflicting rules. Other sets of Florida rules contain provisions applicable to certain appellate proceedings, and, in certain instances, those rules conflict with the procedures set forth for other appeals under these rules. In the absence of a clear mandate from the supreme court that only the Florida Rules of Appellate Procedure are to address appellate concerns, the committee felt that these rules should not automatically supersede other rules. See, e.g., In the Interest of E.P. v. Department of Health and Rehabilitative Services, 544 So.2d 1000 (Fla. 1989).

RULE 9.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Administrative Action. aAn order of any public official, including the Ggovernor in the exercise of all executive powers other than those derived from the Cconstitution, or of a deputy commissionerjudge of compensation claims on a claim for birth-related neurological injuries, or of any agency, department, board, or commission of the Sstate or any political subdivision, including municipalities.
(b) Clerk. tThe person or official specifically designated as such for the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
(c) Court. tThe Ssupreme Ccourt; the district courts of appeal; and the circuit courts in the exercise of the jurisdiction described by Rrule 9.030(c);, and includes-ing the Cchief Jjustice of the Ssupreme Ccourt and the chief judge of a district court of appeal in the exercise of constitutional, administrative, or supervisory powers on behalf of such courts.
(d) Lower Tribunal. tThe court, agency, officer, board, commission, or body whose order is to be reviewed.
(e) Order. aA decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries.
(f) Parties.
(1) Appellant. aA party who seeks to invoke the appeal jurisdiction of a court.
(2) Appellee. eEvery party in the proceeding in the lower tribunal other than an appellant.
(3) Petitioner. aA party who seeks an order under Rrule 9.100 or Rrule 9.120.
(4) Respondent. eEvery other party in a proceeding brought by a petitioner.
(g) Rendition (of an Order). the filing ofAn order is rendered when a signed, written order is filed with the clerk of the lower tribunal. WhereHowever, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification,; to alter or amend,; for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, notwithstanding verdict, or in arrest of judgment,; or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof. the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against *522 whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.

Committee Notes
1977 RevisionAmendment. This rule supersedes former Rrule 1.3. Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law. Instances may arise wherein which the context of the rule requires a different meaning for a defined term, but these should be rare.
The term "administrative action" is new and has been defined to make clear the application of these rules to judicial review of administrative agency action. This definition was not intended to conflict with the Administrative Procedure Act, Cchapter 120, Florida Statutes (1975), but was intended to include all administrative agency action as defined in the Administrative Procedure Act. The reference to municipalities is not intended to conflict with Aarticle VIII, Ssection 1(a), Florida Constitution, which makes counties the only political subdivisions of the state.
The term "clerk" retains the substance of the term "clerk" defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal whereif no person is specifically and officially given that duty.
The term "court" retains the substance of the term "court" defined in the former rules, but has been modified to recognize the authority delegated to the Cchief Jjustice of the Ssupreme Ccourt and the chief judges of the district courts of appeal. This definition was not intended to broaden the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. WhenIf Ssupreme Ccourt review of a district court of appeal decision is involved, the district court of appeal is the "lower tribunal."
The term "lower tribunal" includes courts and administrative agencies. It replaces the terms "commission,", "board," and "lower court" defined in the former rules.
The term "order" has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. Minute book entries are excluded from the definition in recognition of the decision in Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla. 1976). It was intended that this rule encourage the entry of written orders in every case.
The terms "appellant,", "appellee,", "petitioner," and "respondent" have been defined according to the rule applicable to a particular proceeding and generally not according to the legal nature of the proceeding before the court. The term "appellee" has been defined to include the parties against whom relief is sought and all others necessary to the cause. This rule supersedes all statutes concerning the same subject matter, such as Ssection 924.03, Florida Statutes (1975). It should be noted that whereif a certiorari proceeding is specifically governed by a rule whichthat only refers to "appellant" and "appellee,", a "petitioner" and "respondent" should proceed as if they were "appellant" and "appellee,", *523 respectively. For example, certiorari proceedings in the Ssupreme Ccourt involving the Public Service Commission and Industrial Relations Commission are specifically governed by Rrule 9.110 even though that rule only refers to "appellant" and "appellee." The parties in such a certiorari proceeding remain designated as "petitioner" and "respondent,", sincebecause as a matter of substantive law the party invoking the Ccourt's jurisdiction is seeking a writ of certiorari. The same is true of Rrule 9.200 governing the record in such certiorari proceedings.
The term "rendition" has been simplified and unnecessary language deleted. The filing requirement of the definition was not intended to conflict with the substantive right of review guaranteed by the Administrative Procedure Act, Ssection 120.68(1), Florida Statutes (Supp. 1976), but to set a point from which certain procedural times could be measured. Motions whichthat postpone the date of rendition have been narrowly limited to prevent deliberate delaying tactics. To postpone rendition the motion must be timely, authorized, and one of those listed. However, whereif the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance of the motion controls and rendition is postponed accordingly.
The definition of "legal holiday" has been eliminated but its substance has been retained in Rrule 9.420(e).
The term "bond" is defined in Rrule 9.310(c)(1).
Terms defined in the former rules and not defined here are intended to have their ordinary meanings in accordance with the context of these rules.
1992 Amendment. Subdivision (a) has been amended to reflect properly that deputy commissioners presently are designated as judges of compensation claims.
Subdivision (g) has been rewritten extensively. The first change in this rule was to ensure that an authorized motion for clarification (such as under rule 9.330) was included in those types of motions that delay rendition.
Subdivision (g) also has been revised in several respects to clarify some problems presented by the generality of the prior definition of "rendition." Although rendition is postponed in most types of cases by the filing of timely and authorized post-judgment motions, some rules of procedure explicitly provide to the contrary. The subdivision therefore has been qualified to provide that conflicting rules shall control over the general rule stated in the subdivision. See In Re Interest of E.P., 544 So.2d 1000 (Fla. 1989). The subdivision also has been revised to make explicit a qualification of long standing in the decisional law, that rendition of non-final orders cannot be postponed by motions directed to them. Not all final orders are subject to postponement of rendition, however. Rendition of a final order can be postponed only by an "authorized" motion, and whether any of the listed motions is an "authorized" motion depends on the rules of procedure governing the proceeding in which the final order is entered. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986), review denied 494 So.2d 1153.
Subdivision (g)(1) has been added to clarify the date of rendition when post-judgment motions have been filed. If there is only 1 plaintiff and 1 defendant in the case, the filing of a post-judgment motion or motions by either party (or both parties) will postpone rendition of the entire final order as to all claims between the parties. If there are multiple parties on either or both sides of the case and less than all parties file post-judgment motions, rendition of the final order will be postponed as to all claims between moving parties and parties moved against, but rendition will not be postponed with respect to claims disposed of in the final order between parties who have no post-judgment motions pending between them with respect to any *524 of those claims. See, e.g., Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983).
Ideally, all post-judgment motions should be disposed of at the same time. See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla. 1985). If that occurs, the final order is deemed rendered as to all claims when the order disposing of the motions is filed with the clerk. If all motions are not disposed of at the same time, the final order is deemed rendered as to all claims between a moving party and a party moved against when the written order disposing of the last remaining motion addressed to those claims is filed with the clerk, notwithstanding that other motions filed by co-parties may remain pending. If such motions remain, the date of rendition with respect to the claims between the parties involved in those motions shall be determined in the same way.
Subdivision (g)(2) has been added to govern the special circumstance that arises when rendition of a final order has been postponed initially by post-judgment motions, and a motion for new trial then is granted. If the new trial has been granted simply as an alternative to a new final order, the appeal will be from the new final order. However, if a new trial alone has been ordered, the appeal will be from the new trial order. See rule 9.110. According to the decisional law, rendition of such an order is not postponed by the pendency of any additional, previously filed post-judgment motions, nor can rendition of such an order be postponed by the filing of any further motion. See Frazier v. Seaboard System Railroad, Inc., 508 So.2d 345 (Fla. 1987). To ensure that subdivision (g)(1) is not read as a modification of this special rule, subdivision (g)(2) has been added to make it clear that a separately appealable new trial order is deemed rendered when filed, notwithstanding that other post-judgment motions directed to the initial final order may remain pending at the time.
Subdivision (g)(3) has been added to clarify the confusion generated by a dictum in Williams v. State, 324 So.2d 74 (Fla. 1975), which appeared contrary to the settled rule that post-judgment motions were considered abandoned by a party who filed a notice of appeal before their disposition. See In Re: Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991). The new subdivision confirms that rule, and provides that the final order is rendered as to the appealing party when the notice of appeal is filed. Although the final order is rendered as to the appealing party, it is not rendered as to any other party whose post-judgment motions are pending when the notice of appeal is filed.

RULE 9.030. JURISDICTION OF COURTS
(a) Jurisdiction of Supreme Court.
(1) Appeal Jurisdiction.
(A) The Ssupreme Ccourt shall review, by appeal:
(i) final orders of courts imposing sentences of death;[1]
(ii) decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution.[2]
(B) WhenIf provided by general law, the Ssupreme Ccourt shall review:
(i) by appeal final orders entered in proceedings for the validation of bonds or certificates of indebtedness;[3]
(ii) action of statewide agencies relating to rates or service of utilities providing electric, gas, or telephone service.[4]
(2) Discretionary Jurisdiction. The discretionary jurisdiction of the Ssupreme Ccourt may be sought to review:
(A) decisions of district courts of appeal that:[5]
(i) expressly declare valid a state statute;
(ii) expressly construe a provision of the state or federal constitution;
(iii) expressly affect a class of constitutional or state officers;
(iv) expressly and directly conflict with a decision of another district court of appeal or of the Ssupreme Ccourt on the same question of law;
*525 (v) pass upon a question certified to be of great public importance;
(vi) are certified to be in direct conflict with decisions of other district courts of appeal;
(B) orders and judgments of trial courts certified by the district court of appeal in which the appeal is pending to require immediate resolution by the Ssupreme Ccourt, and:[6]
(i) to be of great public importance, or
(ii) to have a great effect on the proper administration of justice;
(C) questions of law certified by the Supreme Court of the United States or a United States Ccourt of Aappeals that are determinative of the cause of action and for which there is no controlling precedent of the Supreme Court of Florida.[7]
(3) Original Jurisdiction. The Ssupreme Ccourt may issue writs of prohibition to courts and all writs necessary to the complete exercise of its jurisdiction;, and may issue writs of mandamus and quo warranto to state officers and state agencies. The Ssupreme Ccourt or any justice may issue writs of habeas corpus returnable before the Ssupreme Ccourt or any justice, a district court of appeal or any judge thereof, or any circuit judge.[8]
(b) Jurisdiction of District Courts of Appeal.
(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal:
(A) final orders of trial courts,[1], [2] not directly reviewable by the Ssupreme Ccourt or a circuit court;
(B) non-final orders of circuit courts as prescribed by Rrule 9.130;[9]
(C) administrative action whenif provided by general law.[2]
(2) Certiorari Jurisdiction.[8] The certiorari jurisdiction of district courts of appeal may be sought to review:
(A) non-final orders of lower tribunals other than as prescribed by Rrule 9.130;
(B) final orders of circuit courts acting in their review capacity.
(3) Original Jurisdiction.[8] District courts of appeal may issue writs of mandamus, prohibition, quo warranto, and common law certiorari, and all writs necessary to the complete exercise of the courts' jurisdiction; or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof, or before any circuit judge within the territorial jurisdiction of the court.
(4) Discretionary Review.[10] District courts of appeal, may in their discretion, may review by appeal:
(A) final orders of the county court otherwise appealable to the circuit court under these rules whichthat the county court has certified to be of great public importance;
(B) non-final orders otherwise appealable to the circuit court under rule 9.140(c) whichthat the county court has certified to be of great public importance.
(c) Jurisdiction of Circuit Courts.
(1) Appeal Jurisdiction. The circuit courts shall review, by appeal:
(A) final orders of lower tribunals as provided by general law;[1], [2]
(B) non-final orders of lower tribunals as prescribed by Rrule 9.130(a)(3);[9]
(C) administrative action whenif provided by general law.
(2) Certiorari Jurisdiction.[8] The certiorari jurisdiction of circuit courts may be sought to review non-final orders of lower tribunals other than as prescribed by Rrule 9.130.
(3) Original Jurisdiction.[8] Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, and habeas corpus, and all writs necessary *526 to the complete exercise of the courts' jurisdiction.
[1] 9.140: Appeal Proceedings in Criminal Cases.
[2] 9.110: Appeal Proceedings: Final Orders.
[3] 9.110(i): Validation of Bonds.
[4] 9.110: Appeal Proceedings: Final Orders; 9.100: Original Proceedings.
[5] 9.120: Discretionary Review of District Court Decisions.
[6] 9.125: Discretionary Review of Trial Court Orders and Judgments Certified by the District Court.
[7] 9.150: Certified Questions from Federal Courts.
[8] 9.100: Original Proceedings.
[9] 9.130: Appeal Proceedings: Non-Final Orders.
[10] 9.160: Discretionary Review of County Court Decisions.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrules 2.1(a)(5) and 2.2(a)(4). It sets forth the jurisdiction of the Ssupreme Ccourt, district courts of appeal, and that portion of the jurisdiction of the circuit courts to which these rules apply. It paraphrases Ssections 3(b), 4(b), and, in relevant part, 5(b) of Aarticle V of the Florida Constitution. The items stating the certiorari jurisdiction of the Ssupreme Ccourt and district courts of appeal refer to the constitutional jurisdiction popularly known as the "constitutional certiorari" jurisdiction of the Ssupreme Ccourt and "common law certiorari" jurisdiction of the district courts of appeal. This rule is not intended to affect the substantive law governing the jurisdiction of any court and should not be considered as authority for the resolution of disputes concerning any court's jurisdiction. Its purpose is to provide a tool of reference to the practitioner so that ready reference may be made to the specific procedural rule or rules governing a particular proceeding. Footnote references have been made to the rule or rules governing proceedings invoking the listed areas of jurisdiction.
This rule does not set forth the basis for the issuance of advisory opinions by the Ssupreme Ccourt to the Ggovernor sincebecause the power to advise rests with the justices under Aarticle IV, Ssection 1(c), of the Florida Constitution, and not the Ssupreme Ccourt as a body. The procedure governing requests from the Ggovernor for advice are set forth in Rrule 9.500.
The Aadvisory Ccommittee considered and rejected as unwise a proposal to permit the chief judge of each judicial circuit to modify the applicability of these rules to histhat particular circuit. These rules may be modified in a particular case, of course, by an agreed joint motion of the parties granted by the court so long as the change does not affect jurisdiction.
1980 Amendment. Sectionubdivision (a) of this rule has been extensively revised to reflect the constitutional modifications in the Ssupreme Ccourt's jurisdiction as approved by the electorate on March 11, 1980. See Aarticle. V, Section§ 3(b), Florida. Constitution. (1980). The impetus for these modifications was a burgeoning caseload and the attendant need to make more efficient use of limited appellate resources. Consistent with this purpose, revised Sectionsubdivision (a) limits the Ssupreme Ccourt's appellate, discretionary, and original jurisdiction to cases that substantially affect the law of the state. The district courts of appeal will constitute the courts of last resort for the vast majority of litigants under amended Aarticle V.
Subsectiondivision (a)(1)(A)(i) retains the mandatory appellate jurisdiction of the Ssupreme Ccourt to review final orders of trial courts imposing death sentences.
Subsectiondivision (a)(1)(A)(ii) has been substantively changed in accordance with amended Aarticle V, Ssection 3(b)(1), Florida Constitution (1980), to eliminate the court's mandatory appellate review of final orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute or a federal statute or treaty, or construing a provision of the state or federal constitution. Mandatory Ssupreme Ccourt review under this subsectiondivision is now limited to district court decisions "declaring invalid" a state statute or a provision of the *527 state constitution. Jurisdiction to review final orders of tria courts in all instances enumerated in former subsectiondivision (a)(1)(A)(ii) now reposes in the appropriate district court of appeal.
Revised subsectiondivision (a)(1)(B) enumerates the two2 classes of cases that the Ssupreme Ccourt may review whenif provided by general law. See Aarticle. V, Section§ 3(b)(2), Florida. Constitution. (1980). Eliminated from the amended Aarticle V and rule is the legislative authority, never exercised, to require Ssupreme Ccourt review of trial court orders imposing sentences of life imprisonment.
Subsectiondivision (a)(1)(B)(i), pertaining to bond validation proceedings, replaces former subsectiondivision (a)(1)(B)(ii). Its phraseology remains unchanged. Enabling legislation already exists for Ssupreme Ccourt review of bond validation proceedings. See Section§ 75.08, Florida. Statutes. (1979).
Subsectiondivision (a)(1)(B)(ii) is new. See Aarticle. V, Section§ 3(b)(2), Florida. Constitution. (1980). Under the earlier constitutional scheme, the Ssupreme Ccourt was vested with certiorari jurisdiction (which in practice was always exercised) to review orders of "commissions established by general law having statewide jurisdiction,", including orders of the Florida Public Service Commission. See Aarticle. V, Section§ 3(b)(3), Florida. Constitution. (1968); and Section§ 350.641, Florida. Statutes. (1979). This jurisdiction has been abolished. In its stead, amended Aarticle V limits the Ssupreme Ccourt's review of Public Service Commission orders to those "relating to rates or services of utilities providing electric, gas, or telephone service." Enabling legislation will be required to effectuate this jurisdiction. Review of Public Service Commission orders other than those relating to electric, gas, or utility cases now reposes in the appropriate district court of appeal. See Aarticle. V, Section§ 4(b)(2), Florida. Constitution. (1968); Florida. Rule. of Appellate. Procedure. 9.030(b)(1)(C); and Section§ 120.68(2), Florida. Statutes. (1979).
Subsectiondivision (a)(2) has been substantially revised in accordance with amended Aarticle V, Ssection 3(b)(3), Florida Constitution (1980), to restrict the scope of review under the Ssupreme Ccourt's discretionary jurisdiction. Under the earlier constitution, this jurisdiction was exercised by writ of certiorari. Constitutional certiorari is abolished under amended Aarticle V. Reflecting this change, revised subsectiondivision (a)(2) of this rule substitutes the phrase "discretionary jurisdiction" for "certiorari jurisdiction" in the predecessor rule. This discretionary jurisdiction is restricted, moreover, to six6 designated categories of district court decisions, discussed below. Amended Aarticle V eliminates the Ssupreme Ccourt's discretionary power to review "any interlocutory order passing upon a matter which upon final judgment would be directly appealable to the Supreme Court" as reflected in Subsectionsubdivision (a)(2)(B) of the predecessor rule. It also eliminates the Ssupreme Ccourt's certiorari review of "commissions established by general law having statewide jurisdiction" as reflected in Subsectionsubdivision (a)(2)(C) of the predecessor rule.
Sectionubdivision (a)(2)(A) specifies the six6 categories of district court decisions reviewable by the Ssupreme Ccourt under its discretionary jurisdiction.
Subsectiondivisions (a)(2)(A)(i) and (a)(2)(A)(ii) are new and pertain to matters formerly reviewable under the court's mandatory appellate jurisdiction. Under former Rrule 9.030(a)(1)(A)(ii), the Ssupreme Ccourt's mandatory appellate jurisdiction could be invoked if a lower tribunal "inherently" declared a statute valid. See Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Auth., 111 So.2d 439 (Fla. 1959). The 1980 amendments to Aarticle V and this subsectiondivision require a district court to "expressly declare" a state statute valid before the Ssupreme Ccourt's discretionary jurisdiction may be invoked.
*528 Subsectiondivision (a)(2)(A)(iii), pertaining to Ssupreme Ccourt review of district court decisions affecting a class of constitutional or state officers, has been renumbered. It tracks the language of the predecessor constitution and rule, with the addition of the restrictive word "expressly" found in amended Aarticle V.
Subsectiondivision (a)(2)(A)(iv) represents the most radical change in the Ssupreme Ccourt's discretionary jurisdiction. The predecessor Aarticle V vested the Ssupreme Ccourt with power to review district court decisions "in direct conflict with a decision of any district court of appeal or of the Supreme Court on the same point of law." These cases comprised the overwhelming bulk of the court's caseload and gave rise to an intricate body of case law interpreting the requirements for discretionary conflict review. With the enunciation of the "record proper rule" in Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), the Ssupreme Ccourt extended its discretionary review in instances of discernible conflict to district court decisions affirming without opinion the orders of trial courts. Amended Aarticle V abolishes the Foley doctrine by requiring an "express" as well as a "direct" conflict of district court decisions as a prerequisite to Ssupreme Ccourt review. The new Aarticle also terminates Ssupreme Ccourt jurisdiction over purely intra-district conflicts, the resolution of which is addressed in Rrule 9.331.
Subsectiondivision (a)(2)(A)(v) substitutes the phrase "great public importance" for "great public interest" in the predecessor constitution and rule. The change was to recognize the fact that some legal issues may have "great public importance," but may not be sufficiently known by the public to have "great public interest."
Subsectiondivision (a)(2)(A)(vi) is new and tracks the language of Aarticle V, Ssection 3(b)(4), Florida Constitution (1980).
Subsectiondivisions (a)(2)(B) and (a)(2)(C) are new. See Aarticle. V, Sections§§ 3(b)(5), (3)(b)(6), Florida. Constitution. (1980). Certification procedures under these subsectiondivisions are addressed in Rrule 9.125 and Rrule 9.150, respectively.
Subsectiondivision (a)(3) is identical to the predecessor Aarticle V and rule, except it limits the issuance of writs of prohibition to "courts" rather than "courts and commissions" and limits the issuance of writs of mandamus and quo warranto to "state agencies" rather than "agencies.".
1984 Amendment. Subsectiondivision (b)(4) was added in order to implement legislation authorizing district courts of appeal discretion to review by appeal orders and judgments of county courts certified to be of great public importance.
1992 Amendment. Subdivision (c)(1)(B) was amended to reflect correctly that the appellate jurisdiction of circuit courts extended to all non-final orders of lower tribunals as prescribed by rule 9.130, and not only those defined in subdivision (a)(3) of that rule.
Subdivision (c)(1)(C) was amended to reflect the jurisdiction conferred on circuit courts by article V, section 5, Florida Constitution, which provides that "[t]hey shall have the power of direct review of administrative action prescribed by general law."

RULE 9.040. GENERAL PROVISIONS
(a) Complete Determination. In all proceedings a court shall have such jurisdiction as may be necessary for a complete determination of the cause.
(b) Forum. If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
(c) Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
(d) Amendment. At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court *529 may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
(e) Assignments of Error. Assignments of error are neither required nor permitted.
(f) Filing Fees. Filing fees may be paid by check or money order.
(g) Clerks' Duties. UpoOn filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. WhenIf jurisdiction has been invoked pursuant tounder Rrule 9.030(a)(2)(A)(v); or (a)(2)(A)(vi);, or whenif a certificate has been issued by a district court pursuant tounder Rrule 9.030(a)(2)(B), the clerk of the district court of appeal shall transmit copies of the certificate and decision or order and any suggestion, replies, or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.
(h) Non-Jurisdictional Matters. Failure of a clerk or a party timely to file fees or additional copies of notices or petitions or the conformed copy of the order or orders designated in the notice of appeal shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.

Committee Notes
1977 RevisionAmendment. This rule sets forth several miscellaneous matters of general applicability.
Sectionubdivision (a) is derived from the last sentence of former Rrule 2.1(a)(5)(a), which concerned direct appeals to the Ssupreme Ccourt. This provision is intended to guarantee that once the jurisdiction of any court is properly invoked, the court may determine the entire case to the extent permitted by substantive law. This rule does not extend or limit the constitutional or statutory jurisdiction of any court.
Sectionubdivisions (b) and (c) implement Aarticle V, Ssection 2(a), of the Florida Constitution. Former Rrule 2.1(a)(5)(d) authorized transfer whenif an improper forum was chosen, but the former rules did not address the problem of improper remedies being sought. The Aadvisory Ccommittee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a party will not automatically have his case will not be dismissed automatically because hea party seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction. All filings in the case have the same legal effect as though originally filed in the court to which transfer is made. This rule is intended to supersede Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969), wherein which a petition for a common law writ of certiorari was dismissed by the district court of appeal because review was properly by appeal to the appropriate circuit court, and Engel v. City of North Miami, 115 So.2d 1 (Fla. 1959), wherein which a petition for a writ of certiorari was dismissed because review should have been by appeal. Under this rule, a petition for a writ of certiorari should be treated as a notice of appeal, if timely.
Sectionubdivision (d) is the appellate procedure counterpart of the harmless error statute, Ssection 59.041, Florida Statutes (1975). It incorporates the concept contained in former Rrule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, whereif it would not result in irremediable prejudice.
Sectionubdivision (e) is intended to make clear that assignments of error have been abolished by these rules. It is not intended to extend the scope of review to matters other than judicial acts. WhereIf less than the entire record as defined in Rrule *530 9.200(a)(1) is to be filed, Rrule 9.200(a)(2) requires service of a statement of the judicial acts for which review is sought. This requirement also applies under Rrule 9.140(d). As explained in the Ccommentary accompanying those provisions, such a statement does not have the same legal effect as an assignment of error under the former rules.
Sectionubdivision (f) permits payment of filing fees by check or money order and carries forward the substance of former Rrule 3.2(a), which allowed payments in cash.
Sectionubdivision (g) is derived from former Rrules 3.2(a) and 3.2(e). Under these rules, notices and fees are filed in the lower tribunal unless specifically stated otherwise. The clerk must transmit the notice and fees immediately. This requirement replaces the provision of the former rules that the notice be transmitted within five5 days. The Aadvisory Ccommittee was of the view that no reason existed for any delays. The term "forthwith" should not be construed to prevent the clerk from delaying transmittal of a notice of criminal appeal for which no fee has been filed for the period of time necessary to obtain an order regarding solvency for appellate purposes and the appointment of the public defender for an insolvent defendant. This provision requires recording of the notice whereif review of a final trial court order in a civil case is sought. When Ssupreme Ccourt jurisdiction is invoked on the basis of the certification of a question of great public interest, the clerk of the district court of appeal is required to transmit a copy of the certificate and the decision to the Ccourt along with the notice and fees.
Sectionubdivision (h) is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla. 1975), wherein which it was held that only the timely filing of the notice of appeal is jurisdictional. The proviso permits the court to impose sanctions whereif there is a failure to timely file fees or copies of the notice or petition.
The Aadvisory Ccommittee considered and rejected as too difficult to implement a proposal of the Bbar Ccommittee that the style of a cause should remain the same as in the lower tribunal.
It should be noted that these rules abolish the practice of permitting Florida trial courts to certify questions to an appellate court. The former rules relating to the internal government of the courts and the creation of the Aadvisory Ccommittee have been eliminated as irrelevant to appellate procedure. At its conference of June 27, however, the Ccourt unanimously voted to establish a committee to, among other things, prepare a set of administrative rules to incorporate matters of internal governance formerly contained in the appellate rules. The Aadvisory Ccommittee has recommended that its existence be continued by the Ssupreme Ccourt.
1980 Amendment. Sectionubdivision (g) was amended to direct the clerk of the district court to transmit copies of the district court decision, the certificate, the order of the trial court, and the suggestion, replies, and appendices in all cases certified to the Ssupreme Ccourt pursuant tounder Rrule 9.030(a)(2)(B) or otherwise certified pursuant tounder Rrule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi).
1992 Amendment. Subdivision (h) was amended to provide that the failure to attach conformed copies of the order or orders designated in a notice of appeal as is now required by rules 9.110(d), 9.130(c), and 9.160(c) would not be a jurisdictional defect, but could be the basis of appropriate sanction by the court if the conformed copies were not included with the notice of appeal.

RULE 9.100. ORIGINAL PROCEEDINGS
(a) Applicability. This rule applies to those proceedings whichthat invoke the jurisdiction of the courts described in Rrules 9.030-(a)(3);, (b)(2);, (b)(3);, (c)(2), and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary *531 to the complete exercise of the courts' jurisdiction; and for review of non-final administrative action.
(b) Commencement; Parties. The original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee if prescribed by law, with the clerk of the court deemed to have jurisdiction. If the original jurisdiction of the court is invoked to enforce a private right, the proceeding shall not be brought on the relation of the state. If the petition seeks review of an order entered by a lower tribunal, all parties to the proceeding in the lower tribunal who are not named as petitioners shall be named as respondents.
(c) Exceptions; Petitions for Common Law Certiorari; and Review of Non-fFinal Administrative Action. A petition for common law certiorari or for review of non-final administrative action shall be filed within 30 days of rendition of the order to be reviewed.The following shall be filed within 30 days of rendition of the order to be reviewed:
(1) A petition for common law certiorari.
(2) A petition for review of final quasi-judicial action of agencies, boards, and commissions of local government, which action is not directly appealable under any other provision of general law but may be subject to review by certiorari.
(3) A petition for review of non-final administrative action under the Florida Administrative Procedure Act.
Lower court judges shall not be named as respondents to petitions for common law certiorari; individual members of the agencies, boards, and commissions of local government shall not be named as respondents to petitions for review of final quasi-judicial action; and hearing officers shall not be named as respondents to petitions for review of non-final agency action. A copy of the petition shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
(d) Exception; Orders Excluding Press or Public.
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.
(2) The court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate, and on its own motion or that of any party, the court may order a stay on such conditions as may be appropriate.
(3) If requested by the petitioner or any party, or on its own motion, the court may allow oral argument.
(e) Petition. The caption shall contain the name of the court and the name and designation of at least one partyall parties on each side. The petition shall contain:
(1) the basis for invoking the jurisdiction of the court;
(2) the facts upon which the petitioner relies;
(3) the nature of the relief sought; and
(4) argument in support thereofof the petition and appropriate citations of authority.
WhenIf the petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by Rrule 9.220., and the petition shall contain references to the appropriate pages of the supporting appendix.
(f) Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within *532 the time set by the court, why relief should not be granted. In prohibition proceedings such orders shall stay further proceedings in the lower tribunal.
(g) Record. A record shall not be transmitted to the court unless ordered.
(h) Response. Within the time set by the court, the respondent may serve a response, which shall include argument in support thereof andof the response, appropriate citations of authority, and may serve a supplemental appendixreferences to the appropriate pages of the supporting appendices.
(i) Reply. Within 20 days thereafter or such other time set by the court, the petitioner may serve a reply and supplemental appendix.
Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 4.5, except that the procedures applicable to Ssupreme Ccourt review of decisions of the district courts of appeal on writs of constitutional certiorari are set forth in Rrule 9.120; and Ssupreme Ccourt direct review of administrative action on writs of certiorari is governed by Rrule 9.100. This rule governs proceedings invoking the Ssupreme Ccourt's jurisdiction to review an interlocutory order passing upon a matter where, on final judgment, a direct appeal would lie in the Ssupreme Ccourt. The procedures set forth in this rule implement the Ssupreme Ccourt's decision in Burnsed v. Seaboard Coastline R.R. Co., 290 So.2d 13 (Fla. 1974), that such interlocutory review rests solely within its discretionary certiorari jurisdiction under Aarticle V, Ssection 3(b)(3), of the Florida Constitution, and that its jurisdiction would be exercised only where when, on the peculiar circumstances of a particular case, the public interest required it. This rule abolishes the wasteful current practice in such cases of following the procedures governing appeals, with the Ssupreme Ccourt treating such appeals as petitions for the writ of certiorari. This rule requires that these cases be prosecuted as petitions for the writ of certiorari.
This rule also provides the procedures necessary to implement the Administrative Procedure Act, Ssection 120.68(1), Florida Statutes (Supp. 1976), which provides for judicial review of non-final agency action "if review of the final agency decision would not provide an adequate remedy." It was the opinion of the Aadvisory Ccommittee that such a right of review is guaranteed by the statute and is not dependent on a court rule, sincebecause Aarticle V, Ssection 4(b)(2), of the Florida Constitution provides for legislative grants of jurisdiction to the district courts to review administrative action without regard to the finality of that action. The Aadvisory Ccommittee was also of the view that the right of review guaranteed by the statute is no broader than the generally available common law writ of certiorari, although the statutory remedy would prevent resort to an extraordinary writ.
Sectionubdivisions (b) and (c) set forth the procedure for commencing an extraordinary writ proceeding. The time for filing a petition for common law certiorari is jurisdictional. WhereIf common law certiorari is sought to review an order issued by a lower tribunal consisting of more than one1 person, a copy of the petition should be furnished to the chairperson of that tribunal.
Sectionubdivision (d) sets forth the procedure for appellate review of orders excluding the press or public from access to proceedings or records in the lower tribunal. It establishes an entirely new and independent means of review in the district courts, in recognition of the decision in English v. McCrary, 348 So.2d 293 (Fla. 1977), to the effect that a writ of prohibition is not available as a means to obtain review of such orders. Copies of the notice must be served on all parties to the proceeding in the lower tribunal, as well as the person who, or the chairperson of the agency whichthat, issued the order.
No provision has been made for an automatic stay of proceedings, but the district court is directed to consider the appropriateness *533 of a stay immediately upon the notice being filed. Ordinarily an order excluding the press and public will be entered well in advance of the closed proceedings in the lower tribunal, so that there will be no interruption of the proceeding by reason of the appellate review. In the event a challenged order is entered immediately before or during the course of a proceeding and it appears that a disruption of the proceeding will be prejudicial to one1 or more parties, the reviewing court on its own motion or at the request of any party shall determine whether to enter a stay or to allow the lower tribunal to proceed pending review of the challenged order. See State ex rel. Miami Herald, Publishing Co. v. McIntosh, 340 So.2d 904, 911 (Fla. 1977).
This new provision implements the "strict procedural safeguards" requirement laid down by the United States Supreme Court in National Socialist Party of America v. Village of Skokie, 97 S.Ct. 2205, 432 U.S. 43, 97 S.Ct. 2205, 53 L. Ed. 2d 96 (1977). In that case the Court held that state restraints imposed on activities protected by the First Amendment must either be either immediately reviewable or subject to a stay pending review.
Sectionubdivision (e) sets forth the contents of the initial pleading. The party seeking relief must file a petition stating the authority by which the court has jurisdiction of the case, the relevant facts, the relief sought, and argument supported by citations of authority. This rule does not allow the petitioner to file a brief. Any argument or citations of authority which that the petitioner desires to place before present to the court must be contained in the petition. This change in procedure is intended to eliminate the wasteful current practice of filing repetitive petitions and briefs. Under sectionubdivision (g) no record is required to be filed unless the court so orders, but under sectionubdivision (e) the petitioner must file an appendix to the petition containing conformed copies of the order to be reviewed and other relevant material, including portions of the record, if a record exists. The appendix should also contain any documents whichthat support the allegations of fact contained in the petition. A lack of supporting documents may, of course, be considered by the court in exercising its discretion not to issue an order to show cause.
Under Sectionssubdivisions (f), (h), and (i), if the allegations of the petition, if true, would constitute grounds for relief, the court may exercise its discretion to issue an order requiring the respondent to show cause why the requested relief should not be granted. A single responsive pleading (without a brief) may then be served, accompanied by a supplemental appendix, within the time period set by the court in its order to show cause. The petitioner is then allowed 20 days to serve a reply and supplemental appendix, unless the court sets another time. It should be noted that the times for response and reply are computed by reference to service rather than filing. This practice is consistent throughout these rules except for initial, jurisdictional filings. The emphasis on service, of course, does not relieve counsel of the responsibility for filing original documents with the court as required by Rrule 9.420(b); it merely affects the time measurements.
Except as provided automatically under sectionubdivision (f), a stay pending resolution of the original proceeding may be obtained under Rrule 9.310.
Transmittal of the record pursuant tounder order of the court under sectionubdivision (g) shall be in accordance with the instructions and times set forth in the order.
1980 Amendment. The rule was amended by deleting its reference to former Rrule 9.030(a)(2)(B) to reflect the 1980 revisions to Aarticle V, Ssection 3(b), of the Florida Constitution that eliminated Ssupreme Ccourt review by certiorari of non-final orders that would have been appealable if they had been final orders. The procedures applicable to discretionary Ssupreme Ccourt review of district court decisions *534 pursuant tounder Rrule 9.030(a)(2)(A) are governed by Rrule 9.120. The procedures applicable to Ssupreme Ccourt discretionary review of trial court orders and judgments certified by the district courts pursuant tounder Rrule 9.030(a)(2)(B) are set forth in Rrule 9.125.
1980 Committee Note. Sectionubdivision (d) was amended to delete references to the district courts of appeal as the proper court for review of orders excluding the press and public, sincebecause the appropriate court could also be a circuit court or the Ssupreme Ccourt.
1992 Amendment. Subdivision (b) was amended to add 2 provisions clarifying designation of parties to original proceedings. The first change eliminates the practice of bringing original proceedings on the relation of the state and instead requires that if a private right is being enforced, an action must be brought in the names of the parties. Second, this subdivision now requires that all parties not named as petitioners be included in the style as respondents, consistent with rules 9.020(f)(3) and (f)(4).
Subdivision (c) was amended to eliminate the practice of naming lower court judges, members of administrative bodies, and hearing officers as respondents in petitions for certiorari and for review of non-final agency action. Such individuals still are to be served a copy of the petition, but the amendment is to eliminate any suggestion that they are parties or adverse to the petitioner.
Subdivision (c) also was amended to reflect that review of final administrative action, taken by local government agencies, boards, and commissions acting in a quasi-judicial capacity, is subject to the requirement that the petition for writ of certiorari be filed within 30 days of rendition of the order to be reviewed.
Subdivision (e) was amended to require that the petition, the jurisdictional document, identify all parties on each side to assist the court in identifying any potential conflicts and to identify all parties to the proceeding as required by subdivision (b) of this rule. Additionally, this subdivision was amended to require, consistent with rule 9.210(b)(3), that the petition make references to the appropriate pages of the appendix that is required to accompany the petition.
Subdivision (f) was amended to add the existing requirement in the law that a petition must demonstrate not only that there has been a departure from the essential requirements of law, but also that that departure will cause material injury for which there is no adequate remedy by appeal. This subdivision, without amendment, suggested that it established a standard other than that recognized by Florida decisional law.
Subdivision (h) was amended to require that any response, like the petition, contain references to the appropriate pages of appendices, consistent with subdivision (e) of this rule and rules 9.210(b)(3) and 9.210(c).

RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
(a) Applicability. This rule applies to those proceedings which:that
(1) invoke the appeal jurisdiction of the courts described in Rrules 9.030(a)(1);, (b)(1)(A), and (c)(1)(A);
(2) seek review of administrative action described in Rrules 9.030(b)(1)(C) and (c)(1)(C); and
(3) seek review of orders granting a new trial in jury and non-jury civil and criminal cases described in Rrules 9.130(a)(4) and 9.140(c)(1)(C).
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing two2 copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Exception; Administrative Action. In appeal of administrative action, the appellant *535 shall pay the fee and file the second copy of the notice with the court.
(d) Notice of Appeal. The notice of appeal shall be substantially in the form prescribed by Rrule 9.900(a). The caption shall contain the name of the lower tribunal, the name and designation of at least one1 party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition, and the nature of the order to be reviewed. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed.
(e) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rrule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall transmit the record to the court.
(f) Briefs. Appellant's initial brief shall be served within 70 days of filing the notice. Additional briefs shall be served as prescribed by Rrule 9.210.
(g) Cross-Appeal. An appellee may cross-appeal by serving a notice within 10 days of service of the appellant's notice or within the time prescribed in sectionubdivision (b) of this rule, whichever is later. No filing fee shall be required for a cross-appeal.
(h) Scope of Review. The court may review any ruling or matter occurring prior tobefore filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
(i) Exception; Bond Validation Proceedings. WhereIf the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record shall not be transmitted unless ordered by the Ssupreme Ccourt. Appellant's initial brief, accompanied by an appendix as prescribed by Rrule 9.220, shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by Rrule 9.210.
(j) Exception; Appeal Proceedings from District Courts of Appeal. WhereIf the appeal is from an order of a district court of appeal, the clerk shall transmit the record to the court within 60 days of filing the notice. Appellant's initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by Rrule 9.210.
(k) Review of Partial Final Judgments.[*] Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within thirty30 days of rendition.
(1) Exception. WhereIf an unmarried minor or another person on her behalf appeals an order denying a petition for termination of pregnancy, the district court of appeal shall render its decision on the appeal as expeditiously as possible and by no later than ten10 days from the filing of the notice of appeal. Briefs or oral argument may be ordered at the discretion of the district court of appeal. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file. The appeal and all proceedings thereon shall be confidential in orderso that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the petition be granted, the clerk shall furnish the petitioner a certified copy of the decision or clerk's certificate for delivery to the minor's physician.
(m) Premature Appeals. If a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, if a final order is rendered before dismissal of the premature appeal, the premature notice of *536 appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may permit the lower tribunal to render a final order.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrules 3.1, 3.5, 4.1, 4.3, 4.4, and 4.7. It applies wherewhen (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after the final order are reviewable under the procedure set forth in Rrule 9.130. This rule does not apply to review proceedings in such cases.
Except to the extent of conflict with Rrule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the Ssupreme Ccourt; (2) certiorari proceedings before the Ssupreme Ccourt seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, Ssection 120.68, Florida Statutes (Supp. 1976); (4) appeals as of right to a circuit court, including review of administrative action whenif provided by law.
This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla. 1974), and are consistent with the decision there. Under sectionubdivision (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The Ssupreme Ccourt has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible . ..." Bowen v. Willard, 340 So.2d 110, 112 (Fla. 1976). This rule implements that decision.
Sectionubdivisions (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file two2 copies of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal; except that whereif review of administrative action is sought, one1 copy of the notice and the applicable fees must be filed in the court. Failure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect, but the second copy and fees may be filed after the 30-day period, subject to sanctions imposed by the court. See Fla.R.App.P. 9.040(h), and Williams v. State, 324 So.2d 74 (Fla. 1975).; Fla. R. App. P. 9.040(h).
Sectionubdivision (d) sets forth the contents of the notice, and eliminates the requirement of the former rule that the notice show the place of recordation of the order to be reviewed. The rule requires substantial compliance with the form approved by the Ssupreme Ccourt. The date of rendition of the order for which review is sought must appear on the face of the notice. See the definition of "rendition" in Florida Rules of Appellate Procedure 9.020, and see the judicial construction of "rendition" for an administrative rule in Florida Admin. Comm'n v. Judges of the District Court, 351 So.2d 712, Case No. 50,232 (Fla. Oct. 14, 1977), on review of Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1976). This requirement is intended to allow the clerk of the court to determine the timeliness of the notice from its face. The Aadvisory Ccommittee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.
This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed *537 whenif Ssupreme Ccourt review was appropriate, and the practice under the Administrative Procedure Act, Ssection 120.68, Florida Statutes (Supp. 1976), has been for the "petition for review" to be substantially similar to a petition for the writ of certiorari. See Yamaha Internationa'l Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in Ssection 120.68(2), Florida Statutes (Supp. 1976). There is no conflict with the statute since because the substance of the review proceeding remains controlled by the statute, and the Llegislature directed that review be pursuant tounder the procedures set forth in these rules. SinceBecause it is a requirement of rendition that an order be written and filed, this rule supersedes Shevin ex rel. State v. Public Service Comm'n, 333 So.2d 9 (Fla. 1976), and School Bd. of Lee County v. Malbon, 341 So.2d 523 (Fla. 2d DCA 1977), to the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.
This rule is not intended to affect the discretionary nature of direct Ssupreme Ccourt review of administrative action taken pursuant tounder the certiorari jurisdiction of that Ccourt set forth in Aarticle V, Ssection 3(b)(3), of the Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as "petitioner" and "respondent" despite the use of the terms "appellant" and "appellee" in this rule. See Ccommentary, Fla. R. App. P. 9.020.
Sectionubdivisions (e), (f), and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs, and serving notices of cross-appeal. Provision for cross-appeal notices has been made to replace the cross-assignments of error eliminated by these rules. In certiorari proceedings governed by this rule the term "cross-appeal" should be read as equivalent to "cross-petition.". It should be noted that whereif time is measured by service, Rrule 9.420(b) requires filing to be made before service or immediately thereafter.
Sectionubdivision (h) permits a party to file a single notice of appeal whereif a single proceeding in the lower tribunal, whether criminal or civil, results in more than one1 final judgment and an appeal of more than one1 is sought. This rule is intended to further the policies underlying the decisions of the Ssupreme Ccourt in Scheel v. Advance Marketing Consultants, Inc., 277 So.2d 773 (Fla. 1973), and Hollimon v. State, 232 So.2d 394 (Fla. 1970). This rule does not authorize the appeal of multiple final judgments unless otherwise proper as to each. WhereIf a prematurely filed notice is held in abeyance in accordance with Williams v. State, 324 So.2d 74 (Fla. 1975), the date of filing is intended to be the date the notice becomes effective.
Sectionubdivision (i) provides an expedited procedure in appeals as of right to the Ssupreme Ccourt in bond validation proceedings. An appendix is mandatory.
Sectionubdivision (j) provides for an expedited procedure in appeals as of right to the Ssupreme Ccourt from an order of a district court of appeal.
1980 Amendment. The rule has been amended to incorporate changes in Rrule 9.030 and to reflect the abolition of Ssupreme Ccourt jurisdiction to review, whenif provided by general law, final orders of trial courts imposing sentences of life imprisonment.
1980 Amendment. The reference indicated (2) in the second paragraph of this Ccommittee Nnote for 1977 Revisionamendment should be disregarded. See Aamended Rrule 9.030(a)(1)(B)(ii) and accompanying committee note.
1984 Amendment. Subsectiondivision (k) was added to remedy a pitfall in the *538 application of case law under Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974). Appeals may now be taken immediately or delayed until the end of the entire case, under the rationale of Mendez.
1992 Amendment. Subdivision (d) was amended to require that the appellant, except in criminal cases, attach to its notice of appeal a conformed copy of any orders designated in the notice of appeal, along with any orders on motions that postponed the rendition of orders appealed. This amendment is designed to assist the clerk in determining the nature and type of order being appealed and the timeliness of any such appeal.
Subdivision (m) was added to clarify the effect of a notice of appeal filed by a party before the lower court renders a final appealable order. Under this subdivision, such a notice of appeal is subject to dismissal as premature, but a final order rendered before the dismissal of the appeal will vest the appellate court with jurisdiction to review that final order. It further provides that the appellate court may relinquish jurisdiction or otherwise allow the lower court to render such a final order before dismissal of the appeal. If the only motion that is delaying rendition has been filed by the party filing the notice of appeal, under rule 9.020(g)(3), such motion is deemed abandoned and the final order is deemed rendered by the filing of a notice of appeal.

RULE 9.120. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL
(a) Applicability. This rule applies to those proceedings whichthat invoke the discretionary jurisdiction of the Ssupreme Ccourt described in Rrule 9.030(a)(2)(A).
(b) Commencement. The jurisdiction of the Ssupreme Ccourt described in Rrule 9.030(a)(2)(A) shall be invoked by filing two2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice shall be substantially in the form prescribed by Rrule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least one1 party on each side, and the case number in the lower tribunal. The notice shall contain the date of rendition of the order to be reviewed and the basis for invoking the jurisdiction of the court.
(d) Briefs on Jurisdiction. Petitioner's brief, limited solely to the issue of the Ssupreme Ccourt's jurisdiction and accompanied by an appendix containing a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent's brief on jurisdiction shall be served within 20 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. WhenIf jurisdiction is invoked pursuant tounder Rrules 9.030(a)(2)(A)(v) or (a)(2)(A)(vi) (certifications by the district courts to the Ssupreme Ccourt), no briefs on jurisdiction shall be filed.
(e) Accepting or Postponing Decision on Jurisdiction; Record. If the Ssupreme Ccourt accepts or postpones decision on jurisdiction, the Ccourt shall so order and advise the parties and the clerk of the district court of appeal. Within 60 days thereafter or such other time set by the Ccourt, the clerk shall transmit the record.
(f) Briefs on Merits. Within 20 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits. Additional briefs shall be served as prescribed by Rrule 9.210.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 4.5(c) and governs all certiorari proceedings to review final decisions of the district courts. Certiorari proceedings to review interlocutory orders of the district courts whereif Ssupreme *539 Ccourt jurisdiction exists under Aarticle V, Ssection 3(b)(3), of the Florida Constitution are governed by Rrule 9.100.
Sectionubdivision (b) sets forth the manner in which certiorari proceedings in the Ssupreme Ccourt are to be commenced. Petitions for the writ are abolished and replaced by a simple notice to be followed by briefs. Two copies of the notice, which must substantially comply with the form approved by the Ssupreme Ccourt, are to be filed with the clerk of the district court within 30 days of rendition along with the requisite fees. Failure to timely file the fees is not jurisdictional.
Sectionubdivision (c) sets forth the contents of the notice. The requirement that the notice state the date of rendition, as defined in Rrule 9.020, is intended to permit the clerk of the court to determine timeliness from the face of the notice. The statement of the basis for jurisdiction should be a concise reference to whether the order sought to be reviewed (1) conflicts with other Florida appellate decisions; (2) affects a class of constitutional or state officers; or (3) involves a question of great public interest certified by the district court.
Sectionubdivision (d) establishes the time for filing jurisdictional briefs and prescribes their content. WhenIf Ssupreme Ccourt jurisdiction is based on certification of a question of great public interest, no jurisdictional briefs are permitted. Briefs on the merits in such cases are to be prepared in the same manner as in other cases. Briefs on the merits are to be served within the time provided after the Ccourt has ruled that it will accept jurisdiction or has ruled that it will postpone decision on jurisdiction.
The jurisdictional brief should be a short, concise statement of the grounds for invoking jurisdiction and the necessary facts. It is not appropriate to argue the merits of the substantive issues involved in the case or discuss any matters not relevant to the threshold jurisdictional issue. The petitioner may wish to include a very short statement of why the Ssupreme Ccourt should exercise its discretion and entertain the case on the merits if it finds it does have certiorari jurisdiction. An appendix must be filed containing a conformed copy of the decision of the district court. If the decision of the district court was without opinion, or otherwise does not set forth the basis of decision with sufficient clarity to enable the Ssupreme Ccourt to determine whether grounds for jurisdiction exist, a conformed copy of the order of the trial court should also be included in the appendix.
Sectionubdivisions (e) and (f) provide that within 60 days of the date of the order accepting jurisdiction, or postponing decision on jurisdiction, the clerk of the district court must transmit the record to the Ccourt. The petitioner has 20 days from the date of the order to serve the initial brief on the merits. Other briefs may then be served in accordance with Rrule 9.210. Briefs whichthat are served must be filed in accordance with Rrule 9.420.
It should be noted that the automatic stay provided by former Rrule 4.5(c)(6) has been abolished because it encouraged the filing of frivolous petitions and was regularly abused. A stay pending review may be obtained under Rrule 9.310. If a stay has been ordered pending appeal to a district court, it remains effective under Rrule 9.310(e) unless the mandate issues or the district court vacates it. The Aadvisory Ccommittee was of the view that the district courts should permit such stays only wherewhen essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the Ssupreme Ccourt, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted, and the remediable quality of any such harm.
1980 Amendment. The rule has been amended to reflect the 1980 revisions to Aarticle V, §section 3, of the Florida Constitution creating the additional categories of certifications by the district courts to the *540 Ssupreme Ccourt enumerated in Rrule 9.030(a)(2)(A).
District court decisions that (a) expressly declare valid a state statute, (b) expressly construe a provision of the state or federal constitution, (c) expressly affect a class of constitutional or state officers, (d) expressly and directly conflict with a decision of another district court or the Ssupreme Ccourt on the same point of law, (e) pass upon a question certified to be of great public importance, or (f) are certified to be in direct conflict with decisions of other district courts, are reviewed according to the procedures set forth in this rule. No jurisdictional briefs are permitted if jurisdiction is based on certification of a question of great public importance or certification that the decision is in direct conflict with a decision of another district court.
The mandatory appendix must contain a copy of the district court decision sought to be reviewed and should be prepared in accordance with Rrule 9.220.
Supreme Ccourt review of trial court orders and judgments certified by the district court pursuant tounder Rrule 9.030(a)(2)(B) is governed by the procedures set forth in Rrule 9.125.
1980 Amendment. Reply briefs from petitioners are prohibited, and the Ccourt will decide whether to accept the case for review solely on the basis of petitioner's initial and respondent's responsive jurisdictional briefs.
1992 Amendment. Subdivision (d) was amended to provide that jurisdictional briefs must conform to the same requirements set forth in rule 9.210.

RULE 9.125. REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
(a) Applicability. This rule applies to any order or judgment of a trial court whichthat has been certified by the district court of appeal to require immediate resolution by the Ssupreme Ccourt because the issues pending in the district court are of great public importance or have a great effect on the proper administration of justice throughout the state. The district court of appeal may make such certification on its own motion or upon suggestion by a party.
(b) Commencement. The jurisdiction of the Ssupreme Ccourt is invoked upon rendition of the certificate by the district court of appeal.
(c) Suggestion. Any party may file with the district court and serve on the parties a suggestion that the order to be reviewed should be certified by the district court to the Ssupreme Ccourt. The suggestion shall be substantially in the form prescribed by this rule and shall be filed within ten10 days from the filing of the notice of appeal.
(d) Response. Any party may file a response within five5 days of the service of the suggestion.
(e) Form. The suggestion shall be limited to five5 pages and shall contain all of the following elements:
(i1) aA statement of why the appeal requires immediate resolution by the Ssupreme Ccourt;.
(ii2) aA statement of why the appeal:
(aA) is of great public importance, or
(bB) will have a great effect on the proper administration of justice throughout the state.
(iii3) aA certificate signed by the attorney stating:
I express a belief, based on a reasoned and studied professional judgment, that this appeal requires immediate resolution by the Ssupreme Ccourt and (a) is of great public importance, or (b) will have a great effect on the administration of justice throughout the state.
*541
 /s/ __________________________________
 Attorney for ____ (name of party) ____
 ____ (address and phone number) ____
 Florida Bar No. ______________________
(iv4) aAn appendix containing a conformed copy of the order to be reviewed.
(f) Effect of Suggestion. The district court shall not be required to rule on the suggestion and neither the filing of a suggestion nor the rendition by the district court of its certificate shall alter the applicable time limitations or place of filing. If an order is rendered granting or denying certification, no rehearing shall be permitted.
(g) Procedure Wwhen Supreme Court Accepts Jurisdiction. The jurisdiction of the Ssupreme Ccourt attaches upon rendition of the order accepting jurisdiction. If the Ssupreme Ccourt accepts jurisdiction, it shall so order and advise the parties, the clerk of the district court, and the clerk of the lower tribunal. The clerk of the district court shall transfer the record in the case to the Ssupreme Ccourt within 10 days thereafter. The time limitations of the applicable jurisdictional rule will continue in effect, except that all papers formerly required to be filed in the district court shall be filed in the Ssupreme Ccourt.

Committee Notes
1980 AdoptionAmendment. This Rrule is entirely new and governs all discretionary proceedings to review trial court orders or judgments that have been certified by the Ddistrict Ccourt pursuant tounder Rrule 9.030(a)(2)(B) to require immediate resolution by the Ssupreme Ccourt and to be of great public importance or to have a great effect on the proper administration of justice throughout the state. Final and non-final orders are covered by this rule. Discretionary review of other district court decisions whereif Ssupreme Ccourt jurisdiction exists pursuant tounder Rrule 9.030(a)(2)(A) is governed by Rrule 9.120.
Sectionubdivision (b) makes clear that certification by the Ddistrict Ccourt is self-executing.
Sectionubdivision (c) sets forth the manner in which a party may file a suggestion that the order to be reviewed should be certified by the Ddistrict Ccourt to the Ssupreme Ccourt and requires the suggestion be filed within ten10 days from the filing of the notice of appeal. It is contemplated that suggestions under this rule will be rare. A suggestion should be filed only if, under the peculiar circumstances of a case, all the elements contained in subsectiondivision (e) of the rule are present.
Subsectiondivision (d) provides that any other party may file a response to a suggestion within five5 days of the service of the suggestion.
Subsectiondivision (e) provides for the form of the suggestion. All suggestions must be substantially in this form. The suggestion is limited to five5 pages and must contain (a1) a statement of why the appeal requires immediate resolution by the Ssupreme Ccourt, and (b2) a statement of why the appeal either is of great public importance or will have a great effect on the proper administration of justice throughout the state. The suggestion must be accompanied by an appendix containing a copy of the order to be reviewed. The suggestion also must include a certificate signed by the attorney in the form appearing in the Rrule.
To ensure that no proceeding is delayed because of this rule, subsectiondivisions (f) and (g) provide that the filing of a suggestion will not alter the applicable time limitations or the place of filing. The Ddistrict Ccourt shall not be required to rule on a suggestion. The parties should follow the time limitations contained in the rule through which jurisdiction of the district court was invoked. See Rrules 9.100, Rule 9.110, Rule 9.130, and Rule 9.140.

RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS
(a) Applicability.
(1) This rule applies to review of the non-final orders authorized herein in the district courts of appeal and the circuit courts. *542 Review of other non-final orders in such courts and non-final administrative action shall be by the method prescribed by Rrule 9.100.
(2) Review of non-final orders in criminal cases shall be as prescribed by Rrule 9.140.
(3) Review of non-final orders of lower tribunals is limited to those which:that
(A) concern venue;
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:
(i) the jurisdiction of the person;
(ii) the right to immediate possession of property;
(iii) the right to immediate monetary relief or child custody in domestic relations matters;
(iv) the issue of liability in favor of a party seeking affirmative relief;
(v) whetherthe entitlement of a party is entitled to arbitration; or
(vi) that a party is not entitled to workers' compensation immunity as a matter of law.; or
(vii) that a class should be certified;
(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.
(4) Non-final orders entered after final order on motions whichthat suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rrule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(5) Orders entered on motions filed pursuant tounder Florida. R.ule of Civ.il P.rocedure 1.540 are reviewable by the method prescribed by this rule.
(6) Orders that deny motions to certify a class may be reviewed by the method prescribed by this rule.
(67) Review authorized by this rule shall be by the court whichthat has jurisdiction to review the final order in the cause.
(b) Commencement. The jurisdiction to seek review of orders described in subsectiondivisions (a)(3) (5) (a)(6) shall be invoked by filing two2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice, designated as a notice of appeal of non-final order, shall be substantially in the form prescribed by Rrule 9.900(c). Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice.
(d) Record. A record shall not be transmitted to the court unless ordered.
(e) Briefs. Appellant's initial brief, accompanied by an appendix as prescribed by Rrule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by Rrule 9.210.
(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(g) Review on Full Appeal. This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 4.2 and substantially alters current practice. This rule applies to review of all non-final orders, except those entered in criminal cases, and those specifically governed by Rrules 9.100 and 9.110.
The Aadvisory Ccommittee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, sincebecause that writ provides a remedy only whereif the petitioner meets the heavy burden of *543 showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that sincebecause the most urgent interlocutory orders are appealable under this rule, there will be very few cases wherein which common law certiorari will provide relief. See Taylor v. Board of Public. Instruction of Duval County, 131 So.2d 504 (Fla. 1st DCA 1961).
Subsectiondivision (a)(3) designates certain instances in which interlocutory appeals may be prosecuted under the procedures set forth in this rule. Under these rules there are no mandatory interlocutory appeals. This rule eliminates interlocutory appeals as a matter of right from all orders "formerly cognizable in equity"," and provides for review of certain interlocutory orders based upon the necessity or desirability of expeditious review. Allowable interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former Rrule 4.2. Item (A) permits review of orders concerning venue. Item (C)(i) has been limited to jurisdiction over the person because the writ of prohibition provides an adequate remedy in cases involving jurisdiction of the subject matter. SinceBecause the purpose of these items is to eliminate useless labor, the Aadvisory Ccommittee is of the view that stays of proceedings in lower tribunals should be liberally granted whereif the interlocutory appeal involves venue or jurisdiction over the person. SinceBecause this rule only applies to civil cases, item (C)(ii) does not include within its ambit rulings on motions to suppress seized evidence in criminal cases. Item (C)(ii) is intended to apply whether the property involved is real or personal. It applies to such cases as condemnation suits wherein which a condemnor is permitted to take possession and title to real property in advance of final judgment. See Cch. 74, Fla. Stat. (1975). Item (C)(iii) is intended to apply to such matters as temporary child custody or support, alimony, suit money, and attorney's' fees. Item (C)(iv) allows appeals from interlocutory orders whichthat determine liability in favor of a claimant.
Subsectiondivision (a)(4) grants a right of review whereif the lower tribunal grants a motion for new trial whether in a jury or non-jury case. The procedures set forth in Rrule 9.110, and not those set forth in this rule, apply in such cases. This rule has been phrased so that the granting of rehearing in a non-jury case under Florida Rule of Civil Procedure 1.530 may not be the subject of an interlocutory appeal unless the trial judge orders the taking of evidence. Other non-final orders whichthat postpone rendition are not reviewable in an independent proceeding. Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
Subsectiondivision (a)(5) grants a right of review of orders on motions seeking relief from a previous court order on the grounds of mistake, fraud, satisfaction of judgment, or other grounds listed in Florida Rule of Civil Procedure 1.540.
Subsectiondivision (a)(6) provides that interlocutory review is to be in the court whichthat would have jurisdiction to review the final order in the cause as of the time of the interlocutory appeal.
Sectionubdivisions (b) and (c) state the manner for commencing an interlocutory appeal governed by this rule. Two copies of the notice must be filed with the clerk of the lower tribunal within 30 days of rendition of the order. Under Rrule 9.040(g) the notice and fee must be transmitted immediately to the court by the clerk of the lower tribunal.
Sectionubdivision (d) provides for transmittal of the record only on order of the court. Transmittal should be in accordance with instructions contained in the order.
*544 Ssectionubdivision (e) replaces former Rrule 4.2(e) and governs the service of briefs on interlocutory appeals. The time to serve the appellant's brief has been reduced to 15 days in orderso as to minimize interruption of lower tribunal proceedings. The brief must be accompanied by an appendix containing a conformed copy of the order to be reviewed and should also contain all relevant portions of the record.
Subdivision (f) makes clear that unless a stay is granted under Rrule 9.310, the lower tribunal is only divested of jurisdiction to enter a final order disposing of the case. This follows the historical rule that trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court. Thus, the lower tribunal has jurisdiction to proceed with matters not before the court. This rule is intended to resolve the confusion spawned by De la Portilla v. De la Portilla, 304 So.2d 116 (Fla. 1974), and its progeny.
Subdivision (g) was embodied in former Rrule 4.2(a) and is intended to make clear that the failure to take an interlocutory appeal does not constitute a waiver of any sort on appeal of a final judgment, although an improper ruling might not then constitute prejudicial error warranting reversal.
1992 Amendment. Subdivisions (a)(3)(C)(vii) and (a)(6) were added to permit appeals from non-final orders that either granted or denied a party's request that a class be certified. The committee was of the opinion that orders determining the nature of an action and the extent of the parties before the court were analogous to other orders reviewable under rule 9.130. Therefore, these 2 subdivisions were added to the other limited enumeration of orders appealable by the procedures established in this rule.
Subdivision (a)(3)(D) was added by the committee in response to the decision in Twin Jay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990). It was the opinion of the committee that orders that deny the appointment of receivers or terminate or refuse to terminate receiverships are of the same quality as those that grant the appointment of a receiver. Rather than base the appealability of such orders on subdivision (a)(3)(C)(ii), the committee felt it preferable to specifically identify those orders with respect to a receivership that were non-final orders subject to appeal by this rule.
Subdivision (c) was amended to require the attachment of a conformed copy of the order or orders designated in the notice of appeal consistent with the amendment to rule 9.110(d).

RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal:
(A) Aa final judgment adjudicating guilt;
(B) Aan order granting probation, whether or not guilt has been adjudicated;
(C) Oorders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) Aan illegal sentence; and
(E) Aa sentence whenif required or permitted by general law.
A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserved.
(2) Commencement. The defendant shall file the notice prescribed by Rrule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following the entry of a written order imposing sentence. Copies shall be served on the Sstate Aattorney and Aattorney Ggeneral.
*545 (3) Withdrawal of Defense Counsel after Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of hisany professional duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal upon good cause shown upon written motion, until after
(A) the following have been filedcompleted:
(i) The Nnotice of appeal; has been filed.
(ii) The Sstatement of judicial acts to be reviewed has been filed, if a transcript will require the expenditure of public funds;.
(iii) Directions to the clerk have been filed, if necessary;.
(iv) A Ddesignation of that portion of the reporter's transcript necessary to support the statement of judicial acts to be reviewed has been filed, if a transcript will require expenditure of public funds.
(v) Substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In public-funded cases, the public defender for the local circuit court shall initially be appointed until the record is transmitted to the appellate court.
Or:
(B) Tthe time has expired for the filing of notice of appeal, and no such notice has been filed.
(4) Procedure in Capital Appeals.
(A) When the notice of appeal is filed in the Ssupreme Ccourt, the Cchief Jjustice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the Ssupreme Ccourt.
(B) After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the Sstate 45 days from the date the defendant's brief is served, and the defendant 30 days from the date the Sstate's brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Rule 3.850, Florida Rules of Criminal Procedure 3.850, and on resentencing matters, the schedules set forth in subsectiondivision (5) of this rule will control.
(C) If any brief is delinquent, an order to show cause may issue pursuant tounder Rule 3.840, Florida Criminal Rules of Criminal Procedure 3.840, and sanctions may be imposed.
(D) Oral argument will be scheduled after the filing of the defendant's reply brief.
(5) Procedure in All Other Cases. Defendant's initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rrule 9.210.
(c) Appeals by the State.
(1) Appeals Permitted. The Sstate may appeal an order:
(A) Ddismissing an indictment or information or any count thereof;
(B) Ssuppressing before trial confessions, admissions, or evidence obtained by search and seizure;
(C) Ggranting a new trial;
(D) Aarresting judgment;
(E) Ddischarging a defendant pursuant tounder Florida. R.ule of Crim.inal P.rocedure 3.191;
(F) Ddischarging a prisoner on habeas corpus;
(G) Aadjudicating a defendant incompetent or insane; or
(H) Rruling on a question of law whenif a convicted defendant appeals histhe judgment of conviction; and may appeal
(I) Aan illegal sentence.; or
(J) Aa sentence imposed outside the range recommended by the guidelines authorized by Ssection 921.001, Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701.
(2) Commencement. The Sstate shall file the notice prescribed by Rrule 9.110(d) with the clerk of the lower tribunal within *546 15 days of rendition of the order to be reviewed; provided that in an appeal by the Sstate pursuant tounder Rrule 9.140(c)(1)(H), the Sstate's notice shall be filed within 10 days of service of defendant's notice. Copies shall be served on the defendant and the attorney of record. An appeal by the Sstate shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(3) Briefs. The Sstate's initial brief shall be served within 80 days of filing the notice. Additional briefs shall be served as prescribed by Rrule 9.210.
(d) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rrule 9.200 and serve copies of the index on the Aattorney Ggeneral and all parties. The clerk shall retain the original of the record and shall forthwith transmit copies thereof to the court, to the Aattorney Ggeneral, and to the office of a public defender appointed to represent an indigent defendant. Counsel for a non-indigent defendant may, upon request, simultaneously receive from the clerk a copy of the record (other than a transcript of the trial proceeding) at the cost prescribed by law.
If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel wheneverif possible) shall serve, within 10 days of filing the notice, a statement of the judicial acts to be reviewed, and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issues raised. Either party may file motions in the lower tribunal to reduce or expand the transcript.
(e) Post-Trial Release.
(1) Appeal by Defendant. The lower tribunal may hear a motion for post-trial release pending appeal before or after a notice is filed; provided that the defendant may not be released from custody until the notice is filed.
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on histhe defendant's own recognizance pending an appeal by the Sstate, unless the lower tribunal for good cause stated in an order determines otherwise.
(3) Denial of Post-Trial Release. All orders denying post-trial release shall set forth the factual basis upon which the decision was made and the reasons therefor.
(4) Review. Review of an order relating to post-trial release shall be by the court upon motion.
(f) Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled. In capital cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
(g) Appeals from Summary Denial of Motion for Post-Conviction Relief under Florida. R.ule of Crim.inal P.rocedure 3.800(a) or 3.850. An appeal from an order denying relief under either Florida. R.ule of Crim.inal P.rocedure 3.800(a) or 3.850 without a hearing shall be commenced as prescribed by Rrule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record, conformed copies of the motion, order, motion for rehearing, and order thereon, and attachments to any of the foregoing, with a certified copy of the notice. No briefs or oral argument shall be required. Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the Sstate before ruling.

Committee Notes
1977 RevisionAmendment. This rule represents a substantial revision of the procedure in criminal appeals.
*547 Sectionubdivision (a) makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for those matters unique to criminal law whichthat are identified and controlled by this rule.
Subsectiondivision (b)(1) lists the only matters whichthat may be appealed by a criminal defendant, and it is intended to supersede all other rules of practice and procedure. This rule has no effect on either the availability of extraordinary writs otherwise within the jurisdiction of the court to grant, or the Ssupreme Ccourt's jurisdiction to entertain petitions for the constitutional writ of certiorari to review interlocutory orders. This rule also incorporates the holding in State v. Ashby, 245 So.2d 225 (Fla. 1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; any issues not expressly reserved are waived. No direct appeal of a judgment based on a guilty plea is allowed. It was not intended that this rule affect the substantive law governing collateral review.
Subsectiondivision (b)(2) replaces former Rrule 6.2. Specific reference is made to Rrule 9.110(d) to emphasize that criminal appeals are to be prosecuted in substantially the same manner as other cases. Copies of the notice, however, must be served on both the Sstate Aattorney and the Aattorney Ggeneral, however. The time for taking an appeal has been made to run from the date judgment is rendered to 30 days after an order imposing sentence is rendered or otherwise reduced to writing. The former rule provided for appeal within 30 days of rendition of judgment or within 30 days of entry of sentence. The Aadvisory Ccommittee debated the intent of the literal language of the former rule. Arguably, under the former rule an appeal could not be taken by a defendant during the "gap period" whichthat occurs when sentencing is postponed more than 30 days after entry of judgment. The Aadvisory Ccommittee concluded that no purpose was served by such an interpretation sincebecause the full case would be reviewable when the "gap" closed. This modification of the former rule promotes the policies underlying Williams v. State, 324 So.2d 74 (Fla. 1975), wherein which it was held that a notice of appeal prematurely filed should not be dismissed, but held in abeyance until it becomes effective. This rule does not specifically address the issue of whether full review is available whereif re-sentencing occurs on order of a court in a collateral proceeding. Such cases should be resolved in accordance with the underlying policies of these rules. Compare Wade v. State, 222 So.2d 434 (Fla. 2d DCA 1969), with Neary v. State, 285 So.2d 47 (Fla. 4th DCA 1973). If a defendant appeals a judgment of conviction of a capital offense prior tobefore sentencing and sentencing is anticipated, the district court of appeal (as the court then with jurisdiction) should hold the case in abeyance until the sentence has been imposed. If the death penalty is imposed, the district court of appeal should transfer the case to the Ssupreme Ccourt for review. See, Fla.R.App.P. 9.040(b); § 921.141(4), Fla. Stat. (1975).; Fla. R. App. P. 9.040(b).
Subsectiondivision (b)(3) governs the service of briefs. Filing should be made in accordance with Rrule 9.420.
Subsectiondivision (c)(1) lists the only matters whichthat may be appealed by the Sstate, but it is not intended to affect the jurisdiction of the Ssupreme Ccourt to entertain by certiorari interlocutory appeals governed by Rrule 9.100, or the jurisdiction of circuit courts to entertain interlocutory appeals of pretrial orders from the county courts. See State v. Smith, 260 So.2d 489 (Fla. 1972). No provision of this rule is intended to conflict with a defendant's constitutional right not to not be placed twice in jeopardy, and it should be interpreted accordingly. WhereIf there is an appeal pursuant tounder item (A), a motion for a *548 stay of the lower tribunal proceeding should be liberally granted wheneverin cases in which there appears to be a substantial possibility that trial of any non-dismissed charges would bar prosecution of the dismissed charges if the dismissal waswere reversed, such as in cases involving the so-called "single transaction rule"." Item (E) refers to the popularly known "speedy trial rule"," and items (F), (G), and (H) track the balance of Sstate appellate rights in Ssection 924.07, Florida Statutes (1975).
Subsectiondivision (c)(2) parallels subsectiondivision (b)(2) regarding appeals by defendants except that a maximum of 15 days is allowed for filing the notice. An appeal by the Sstate stays further proceedings in the lower tribunal only whenif an order has been entered by the trial court.
Subsectiondivision (c)(3) governs the service of briefs.
Sectionubdivision (d) applies Rrule 9.200 to criminal appeals and sets forth the time for preparation and service of the record, and additional matters peculiar to criminal cases. It has been made mandatory that the original record be held by the lower tribunal in order to avoid loss and destruction of original papers while in transit. To meet the needs of appellate counsel for indigents, provision has been made for automatic transmittal of a copy of the record to the public defender appointed to represent an indigent defendant on appeal, which in any particular case may be the public defender either in the judicial circuit where the trial took place or in the judicial circuit wherein the appellate court is located. See § 27.51(4), Fla. Stat. (1975). Counsel for a non-indigent defendant may obtain a copy of the record at the cost prescribed by law. At the present time, Ssection 28.24(13), Florida Statutes (1975), as amended by Cchapter 77-284, ¶§ 1, Laws of Florida, prescribes a cost of $1 per page.
In order tTo conserve the public treasury, appeals by indigent defendants, and other criminal defendants wherein cases in which a free transcript is provided, have been specially treated. Only the essential portions of the transcript are to be prepared. The appellant must file a statement of the judicial acts to be reviewed on appeal and the parties are to file and serve designations of the relevant portions of the record. (This procedure emphasizes the obligation of trial counsel to cooperate with appellate counsel, whereif the two are different, in identifying alleged trial errors.) The statement is necessary to afford the appellee an opportunity to make a reasonable determination of the portions of the record required. The statement should be sufficiently definite thatto enable the opposing party canto make that determination, but greater specificity is unnecessary. The statement of judicial acts contemplated by this rule is not intended to be the equivalent of assignments of error under former Rrule 3.5. Therefore, an error or inadequacy in the statement should not be relevant to the disposition of any case. In such circumstances, the appropriate procedure would be to supplement the record under Rrule 9.200(f) to cure any potential or actual prejudice. Either party may move in the lower tribunal to strike unnecessary portions before they are prepared or to expand the transcript. The ruling of the lower tribunal on such motions is reviewable by motion to the court under Rrule 9.200(f) whereif a party asserts additional portions are required.
Sectionubdivision (e) replaces former Rrule 6.15. Subsectiondivision (e)(1) governs whereif an appeal is taken by a defendant and permits a motion to grant post-trial release pending appeal to be heard although a notice of appeal has not yet been filed. The lower tribunal may then grant the motion effective upon the notice being filed. This rule is intended to eliminate practical difficulties whichthat on occasion have frustrated the cause of justice, as wherein cases in which a defendant's attorney has not prepared a notice of appeal in advance of judgment. Consideration of such motions shall be in accordance with Ssection 903.132, Florida Statutes (Supp. 1976), and Florida Rule of *549 Criminal Procedure 3.691. This rule does not apply whereif the judgment is based on a guilty plea sincebecause no right to appeal such a conviction is recognized by these rules.
Subsectiondivision (e)(2) governs whereif the Sstate takes an appeal and authorizes release of the defendant without bond, if charged with a bailable offense, unless the lower tribunal for good cause orders otherwise. The "good cause" standard was adopted to iensure that bond be required only in rare circumstances. The Aadvisory Ccommittee was of the view that sincebecause the Sstate generally will not be able to gain a conviction unless it prevails, the presumed innocent defendant should not be required to undergo incarceration without strong reasons, especially whereif a pretrial appeal is involved. "Good cause" therefore includes such factors as the likelihood of success on appeal and the likelihood the defendant will leave the jurisdiction in light of the current status of the charges against himthe defendant.
Subsectiondivision (e)(3) retains the substance of former Rrules 6.15(b) and (c). The lower tribunal's order must contain a statement of facts as well as the reasons for the action taken, in accordance with Younghans v. State, 90 So.2d 308 (Fla. 1956).
Subsectiondivision (e)(4) allows review only by motion so that no order regarding post-trial relief is reviewable unless jurisdiction has been vested in the court by the filing of a notice of appeal. It is intended that the amount of bail be reviewable for excessiveness.
Sectionubdivision (f) interacts with Rrule 9.110(h) to allow review of multiple judgments and sentences in one1 proceeding.
Sectionubdivision (g) sets forth the procedure to be followed whereif there is a summary denial without hearing of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This rule does not limit the right to appeal a denial of such a motion after hearing pursuant tounder Rrule 9.140(b)(1)(C).
1980 Amendment. Although the substance of this rule has not been changed, the practitioner should note that references in the 1977 committee notes to Ssupreme Ccourt jurisdiction to review non-final orders that would have been appealable if they had been final orders are obsolete asbecause jurisdiction to review those orders no longer reposes in the Ssupreme Ccourt.
1984 Amendment. Subsectiondivision (b)(4) was added to give effect to the administrative order entered by theSsupreme Ccourt on May 6, 1981 (6 Fla. L. Weekly. 336), which recognized that the procedures set forth in the rules for criminal appeals were inappropriate for capital cases.
1992 Amendment. Subdivision (b)(3) was amended to provide that, in cases in which public funds would be used to prepare the record on appeal, the attorney of record would not be allowed to withdraw until substitute counsel has been obtained or appointed.
Subdivision (g) was amended to provide a specific procedure to be followed by the courts in considering appeals from summary denial of Florida Rule of Criminal Procedure 3.800(a) motions. Because such motions are in many respects comparable to Florida Rule of Criminal Procedure 3.850 motions, it was decided to use the available format already created by existing subdivision (g) of this rule. Because a Florida Rule of Criminal Procedure 3.800(a) motion does not have the same detailed requirements as does a Florida Rule of Criminal Procedure 3.850 motion, this subdivision also was amended to require the transmittal of any attachments to the motions in the lower court.

RULE 9.150. DISCRETIONARY PROCEEDINGS TO REVIEW CERTIFIED QUESTIONS FROM FEDERAL COURTS
(a) Applicability. UpoOn either its own motion or that of a party, the Supreme *550 Court of the United States or thea United States Ccourt of Aappeals may certify a question of law to the Supreme Court of Florida wheneverif the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.
(b) Certificate. The certificate shall contain the style of the case, a statement of the facts showing the nature of the cause and the circumstances out of which the questions of law arise, and the questions of law to be answered. The certificate shall be prepared as directed by the federal court. It shall be certified to the Supreme Court of Florida by the clerk of the federal court.
(c) Record. The Supreme Court of Florida, in its discretion, may require copies of all or any portion of the record before the federal court to be filed whereif the record may be necessary to the determination of the cause.
(d) Briefs. The brief of the party designated by the federal court as the moving party shall be served within 20 days of the filing of the certificate. Additional briefs shall be served as prescribed by Rrule 9.210.
(e) Costs. The costs of these proceedings shall be equally divided equally between the parties unless otherwise ordered by the court.

Committee Notes
1977 Revision (Rule 9.510)Amendment. This rule retains the substance of former Rrule 4.61. Except for simplification of language, the only change from the former rule is that answer and reply briefs are governed by the same time schedule as other cases. It is contemplated that the federal courts will continue the current practice of directing the parties to present a stipulated statement of the facts.
1980 Amendment. This rule is identical to former Rrule 9.510. It has been renumbered to reflect the addition to the Florida Constitution of Aarticle V, Ssection 3(b)(6), which permits discretionary Ssupreme Ccourt review of certified questions from the federal courts. Answer briefs and reply briefs will continue to be governed by the same time schedule as in other cases.

RULE 9.160. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS
(a) Applicability. This rule applies to those proceedings whichthat invoke the discretionary jurisdiction of the district courts of appeal to review county court orders described in Rrule 9.030(b)(4).
(b) Commencement. Any appeal of an order certified by the county court to be of great public importance must be taken to the district court of appeal. Jurisdiction of the district court of appeal under this rule shall be invoked by filing two2 copies of a notice and a copy of the order containing certification, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal. The time for filing the appeal shall be the same as if the appeal were being taken to the circuit court.
(c) Notice. The notice shall be in substantially the form prescribed by Rrule 9.900(a) or Rrule 9.900(c), depending on whether the order sought to be appealed is a final or a non-final order, except that such notice should refer to the fact of certification. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed.
(d) Method of Certification. The certification may be made in the order subject to appeal or in any order disposing of a motion whichthat has postponed rendition as defined in Rrule 9.020(g). The certification shall include (1) findings of fact and conclusions of law and (2) a concise statement of the issue or issues of great public importance.
(e) Discretion.
(1) Any party may suggest that an order be certified to be of great public importance. *551 However, the decision to certify shall be within the absolute discretion of the county court and may be made by the court on its own motion.
(2) The district court of appeal, in its absolute discretion, shall by order accept or reject jurisdiction. Until the entry of such order, temporary jurisdiction shall be in the district court of appeal.
(f) Scope of Review.
(1) If the district court of appeal accepts the appeal, it will decide all issues whichthat would have been subject to appeal if the appeal had been taken to the circuit court.
(2) If the district court declines to accept the appeal, it shall transfer the case together with the filing fee to the circuit court whichthat has appellate jurisdiction.
(g) Record. The record shall be prepared and filed in accord with Rrules 9.110(e) or 9.140(d), depending upon the nature of the appeal.
(h) Briefs. The form of the briefs and the briefing schedule shall be in accord with Rrules 9.110(f), 9.140, 9.210, and 9.220, depending upon the nature of the appeal.
(i) Cross-Appeal. Cross-appeals shall be permitted according to the applicable rules only in those cases in which a cross-appeal would have been authorized if the appeal had been taken to circuit court.
(j) Applicability of Other Rules. All other matters pertaining to the appeal shall be governed by the rules whichthat would be applicable if the appeal had been taken to circuit court.

Committee Notes
1984 Amendment. This rule was added in order to implement the amendments to sections 26.012 and 924.08 and the adoption of section 34.195 by the 1984 lLegislature. Section 34.195 authorizes only the certification of final judgments, but section 924.08 authorizes the certification of non-final orders in criminal cases. Therefore, this rule does not provide for appeals from non-final orders in civil cases. Under the rationale of State v. Smith, 260 So.2d 489 (Fla. 1972), the authority to provide for appeals from non-final orders may rest in the supreme court rather than in the legislature. However, in keeping with the spirit of the legislation, the rule was drafted to permit certification of those non-final orders in criminal cases whichthat would otherwise be appealable to the circuit court.
Sections 26.012 and 924.08 authorize only the certification of orders deemed to be of great public importance. However, section 34.195 refers to the certification of questions in final judgments if the question may have statewide application and is of great public importance or affects the uniform administration of justice. The committee concluded that any order which is certified to be of great public importance might have statewide application and that any order whichthat would affect the uniform administration of justice would also be of great public importance. Therefore, the additional statutory language was deemed to be surplusage, and the rule refers only to the requirement of certifying the order to be of great public importance.
The district court of appeal may, in its discretion, decline to accept the appeal, in which event it shall be transferred to the appropriate circuit court for disposition in the ordinary manner. Except as stated in the rule, the procedure shall be the same as would be followed if the appeal waswere being taken to circuit court. The rule does not authorize review of certified orders by common law certiorari.
It is recommended that in those cases involving issues of great public importance, parties should file suggestions for certification prior tobefore the entry of the order from which the appeal may be taken. However, parties are not precluded from suggesting certification following the entry of the order except that such suggestion, by itself, will not postpone rendition as defined in Rrule 9.020(g).
1992 Amendment. Subdivision (c) was amended to require that the appellant, except in criminal cases, attach to its notice *552 of appeal a conformed copy of any orders designated in the notice of appeal, along with any orders on motions that postponed the rendition of orders appealed.

RULE 9.200. THE RECORD
(a) Contents.
(1) The record shall consist of the original documents, exhibits, and transcript of proceedings, if any, filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices, depositions, other discovery, and physical evidence.
(2) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by Rrule 9.900(f). If the clerk is directed to transmit less than the entire record or less than the transcript of all testimony in a proceeding, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(3) Stipulated Statement. The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of their intention to rely upon a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.
(b) Transcript of Proceedings.
(1) Within 10 days of filing the notice, the appellant shall designate those portions of the transcript of proceedings not on file deemed necessary for inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of the original and all copies of the transcript of proceedings shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by Rrule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of one-half1/2 of the estimated transcript costs, and must pay the full balance of the fee upon delivery of the completed transcript.
(2) Within 30 days of service of a designation, or within the additional time provided for under subsectiondivision (b)(3) of this rule, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies as requested in the designation. If a designating party directs the court reporter to furnish the transcript to fewer than all parties, that designating party shall serve a copy of the designated portion of the transcript on the parties within 5 days of receipt from the court reporter. The transcript of proceedings shall be securely bound in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) upoOn service of a designation, the reporter shall acknowledge at the foot of the designation the fact that it has been received and the date on which the reporter expects to have the transcript completed and shall transmit the designation, so endorsed, to the parties and to the clerk of the appellate court within 5 days of service. If the transcript cannot be completed within 30 days of service of the designation, the reporter shall request such additional time as is reasonably necessary and shall state the reasons therefor. WhenIf the reporter requests an extension of time, the court shall allow the parties 5 days in which to *553 object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the date the transcript is due.
(4) If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including histhe appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c) Cross-Appeals. Within 20 days of filing the notice, a cross-appellant may direct that additional documents, exhibits, or portions of the transcript of proceedings be included in the record. If less than the entire record is designated, the cross-appellant shall serve, with the directions, a statement of the judicial acts to be reviewed. The cross-appellee shall have 10 days after such service to direct further additions. The time for preparation and transmittal of the record shall be extended by 10 days.
(d) Duties of Clerk; Preparation and Transmittal of Record.
(1) The clerk of the lower tribunal shall prepare the record as follows:
(A) Upon receipt of the transcript of proceedings from the court reporter(s), each page shall be consecutively numbered. The transcript of proceedings shall be securely bound in consecutively numbered volumes not to exceed 200 pages each. The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of the transcript of proceedings into the record. The transcript of the trial shall be incorporated at the end of the record, and shall not be renumbered by the clerk.
(B) The remainder of the record, including all supplements and any transcripts other than the transcript of the trial, shall be prepared as designated. Each page shall be consecutively numbered. The record shall be securely bound in consecutively numbered volumes not to exceed 200 pages each. The cover sheet of each volume shall contain the name of the lower tribunal and the style and number of the case.
(2) The clerk of the lower tribunal shall prepare a complete index to the record.
(3) The clerk of the lower tribunal shall certify and transmit the record to the court as prescribed by these rules; provided that whenif the parties stipulate or the lower tribunal orders that the original record be retained, the clerk shall prepare and transmit a certified copy.
(e) Duties of Appellant or Petitioner. The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.
(f) Correcting and Supplementing Record.
(1) If there is an error or omission in the record, the parties by stipulation, the lower tribunal before the record is transmitted, or the court may correct the record.
(2) If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because theof an incomplete record, is incomplete until an opportunity to supplement the record has been given.
(g) Return of Record. In civil cases the record shall be returned to the lower tribunal after final disposition by the court.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 3.6 and represents a complete revision of the matters pertaining to the record for an appellate proceeding. References in this rule to "appellant" and "appellee" should be treated as equivalent *554 to "petitioner" and "respondent"," respectively. See Commentary, Fla. R. App. P. 9.020. This rule is based in part on Federal Rule of Appellate Procedure 10(b).
Subsectiondivision (a)(1) establishes the content of the record unless an appellant within 10 days of filing the notice directs the clerk to exclude portions of the record or to include additional portions, or the appellee within 20 days of the notice being filed directs inclusion of additional portions. In lieu of a record, the parties may prepare a stipulated statement, attaching a copy of the order whichthat is sought to be reviewed and essential portions of the record. WhenIf a stipulated statement is prepared, the parties must advise the clerk not to prepare the record. The stipulated statement is to be filed and transmitted within the time prescribed for transmittal of the record. WhereIf less than a full record is to be used, the initiating party must serve a statement of the judicial acts to be reviewed so that the opposing party may determine whether additional portions of the record are required. Such a statement is not intended to be the equivalent of assignments of error under former Rrule 3.5. Any inadequacy in the statement may be cured by motion to supplement the record under Sectionsubdivision (f) of this rule.
Sectionubdivision (a) interacts with Sectionsubdivision (b) so that as soon as the notice is filed the clerk of the lower tribunal will prepare and transmit the complete record of the case as described by the rule. In order tTo include in the record any of the items automatically omitted, a party must designate the items desired. A transcript of the proceedings beforein the lower tribunal will not be prepared or transmitted unless already filed, or the parties designate the portions of the transcript desired to be transmitted. Subsectiondivision (b)(2) imposes on the reporter an affirmative duty to prepare the transcript on the reporter of the proceedings as soon as designated. It is intended that to complete the preparation of all official papers to be filed with the court, the appellant need only file the notice, designate omitted portions of the record whichthat are desired, and designate the desired portions of the transcript. It therefore will be unnecessary to file directions with the clerk of the lower tribunal in most cases.
Subsectiondivision (b)(1) replaces former Rrule 3.6(d)(2), and specifically requires service of the designation upon the court reporter. This is intended to avoid delays whichthat sometimes occur when a party files histhe designation, but fails to notify the court reporter that a transcript is needed. The rule also establishes the responsibility of the designating party to initially bear the cost of the transcript.
Subsectiondivision (b)(2) replaces former Rrule 3.6(e). This rule provides for the form of the transcript, and imposes on the reporter the affirmative duty of delivering copies of the transcript to the ordering parties upon request. Such a request may be included in the designation. Under Sectionsubdivision (e), however, the responsibility for iensuring performance remains with the parties. The requirement that pages be consecutively numbered is new and is deemed necessary to assure continuity and ease of reference for the convenience of the court. This requirement applies even whereif two2 or more parties designate portions of the proceedings for transcription. It is intended that the transcript portions transmitted to the court constitute a single consecutively numbered document in one1 or more volumes not exceeding 200 pages each. WhereIf there is more than one1 court reporter, the clerk will renumber the pages of the transcript copies so that they are sequential. The requirement of a complete index at the beginning of each volume is new, and is necessary to standardize the format and for theto guidance of those preparing transcripts.
Subsectiondivision (b)(3) provides the procedures to be followed whereif no transcript is available.
*555 Sectionubdivision (c) provides the procedures to be followed whereif there is a cross-appeal or cross-petition.
Sectionubdivision (d) sets forth the manner in which the clerk of the lower tribunal is to prepare the record. The original record is to be transmitted unless the parties stipulate or the lower court orders the original be retained, except that under Rrule 9.140(d) (governing criminal cases), the original is to be retained unless the court orders otherwise.
Sectionubdivision (e) places the burden of enforcement of this rule on the appellant or petitioner, but any party may move for an order requiring adherence to the rule.
Sectionubdivision (f) replaces former Rrule 3.6(1). The new rule is intended to asensure that appellate proceedings will be decided upon their merits and that no showing of good cause, negligence, or accident beis required before the lower tribunal or the court orders the completion of the record. This rule is intended to asensure that any portion of the record beforein the lower tribunal whichthat is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations whichthat have occurred in the past wherewhen an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether or not there was an error. See Pan American Metal Products. Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). The rule is not intended to cure inadequacies in the record whichthat result from the failure of a party to properly make a proper record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record beforedeveloped in the lower tribunal. This rule does not impose on the lower tribunal or the court a duty to review on their own the adequacy of the preparation of the record. A failure to supplement the record after notice by the court may be held against the party at fault.
Sectionubdivision (g) requires that the record in civil cases be returned to the lower tribunal after final disposition by the court regardless of whether the original record or a copy was used. The court may retain or return the record in criminal cases according to its internal administration policies.
1980 Amendment. Sectionubdivisions (b)(1) and (b)(2) were amended to specify that the party designating portions of the transcript for inclusion in the record on appeal shall pay for the cost of transcription and shall pay for and furnish a copy of the portions designated for all opposing parties. See Rrule 9.420(b) and 1980 Amendmentcommittee note thereto relating to limitations of number of copies.
1987 Amendment. Subsectiondivision (b)(3) above is patterned after Federal Rule of Appellate Procedure 11(b).
1992 Amendment. Subdivisions (b)(2), (d)(1)(A), and (d)(1)(B) were amended to standardize the lower court clerk's procedure with respect to the placement and pagination of the transcript in the record on appeal. This amendment places the duty of paginating the transcript on the court reporter and requires the clerk to include the transcript at the end of the record, without repagination.

RULE 9.210. BRIEFS
(a) Generally. In addition to briefs on jurisdiction under Rrule 9.120(d), the only briefs permitted to be filed by the parties in any one1 proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(1) Briefs shall be printed, typewritten, or duplicated on opaque, white, unglossed paper. If printed, the brief shall be six6 by nine9 inches; if typewritten, the brief shall be 8 1/2 by 11 inches.
(2) The lettering in briefs shall be black and in distinct type, double spaced if typed, and with margins no less than one1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. *556 Quoted matter should be indented and single spaced.Text shall be printed in type of no more than 10 characters per inch. Text should be double spaced so that there are no more than 27 lines per page. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text.
(3) Briefs shall be securely bound in book form and fastened along the left side. Headings shall be in capital letters and, if printed, subheadings shall be in bold type not less than 11 points.
(4) The cover sheet of each brief shall state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief, and the name and address of the attorney filing the brief.
(5) The initial and answer briefs shall not exceed 50 pages in length. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages. Cross-reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The table of contents and the citation of authorities shall be excluded from the computation. Longer briefs may be permitted by the court.
(b) Contents of Initial Brief. The initial brief shall contain in the following, in order:
(1) A table of contents listing the issues presented for review, with references to pages.
(2) A table of citations with cases listed alphabetically, statutes and other authorities, and the pages of the brief on which each citation appears. See Rrule 9.800 for a uniform citation system.
(3) A statement of the case and of the facts, which shall include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal. References to the appropriate pages of the record or transcript shall be made.
(4) A summary of argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief. It should not be a mere repetition of the headings under which the argument is arranged. It should seldom exceed two2 and never five5 pages.
(5) Argument with regard to each issue.
(6) A conclusion, of not more than one1 page, setting forth the precise relief sought.
(c) Contents of Answer Brief. The answer brief shall be prepared in the same manner as the initial brief; provided that the statement of the case and of the facts shall be omitted unless there are areas of disagreement, which should be clearly specified. If a cross-appeal has been filed, the answer brief shall include the issues thereinin the cross-appeal that are presented for review, and argument in support thereofof those issues.
(d) Contents of Reply Brief. The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief.
(e) Contents of Cross-Reply Brief. The cross-reply brief is limited to rebuttal of argument of the cross-appellee.
(f) Times for Service of Briefs. The times for serving jurisdiction and initial briefs are prescribed by Rrules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within 20 days after service of the initial brief; the reply brief, if any, shall be served within 20 days after service of the answer brief; and the cross-reply brief, if any, shall be served within 20 days thereafter.
(g) Notice of Supplemental Authority. Notices of supplemental authority, without argument, may be filed with the court before a decision has been rendered to call attention to decisions, rules, or statutes, or other authorities whichthat have been discovered after the last brief served in the cause. The notice may identify briefly the *557 points argued on appeal to which the supplemental authorities are pertinent, but shall not contain argument. Copies of the supplemental authorities shall be attached to the notice.
(h) Filing with Courts. The filing requirements of the courts are as follows:
(1) Circuit cCourts. oOriginal and one1 copy.
(2) District cCourts of aAppeal. oOriginal and three3 copies.
(3) Supreme Court. oOriginal and seven7 copies; except that five5 copies only shall accompany the original jurisdictional briefs prescribed in Rrule 9.120(d).
(i) Citations. Counsel are requested to utilizeuse the uniform citation system prescribed by Rrule 9.800.

Committee Notes
1977 RevisionAmendment. This rule essentially retains the substance of former Rrule 3.7. Under Sectionsubdivision (a) only four4 briefs on the merits are permitted to be filed in any one1 proceeding,: an initial brief by the appellant or petitioner, an answer brief by the appellee or respondent, and reply brief by the appellant or petitioner, and a cross-reply brief by the appellee or respondent (if a cross-appeal or petition has been filed). A limit of 50 pages has been placed on the length of the initial and answer briefs, 15 pages for reply and cross-reply briefs (unless a cross-appeal or petition has been filed), and 20 pages for jurisdictional briefs, exclusive of the table of contents and citations of authorities. Although the court may by order permit briefs longer than allowed by this rule, the Aadvisory Ccommittee contemplates that extensions in length will not be readily granted by the courts under these rules. General experience has been that even briefs within the limits of the rule are usually excessively long.
Sectionubdivisions (b), (c), (d), and (e) set forth the format for briefs and retain the substance of former Rrules 3.7(f), (g), and (h). Particular note must be taken of the requirement that the statement of the case and facts include reference to the record. The abolition of assignments of error requires that counsel be vigilant in specifying for the court the errors committed; that greater attention be given the formulation of questions presented; and that counsel comply with subsectiondivision (b)(5) by setting forth the precise relief sought. The table of contents will contain the statement of issues presented. The pages of the brief whereon which argument on each issue begins must be given. It is optional to have a second, separate listing of the issues. Sectionubdivision (c) affirmatively requires that no statement of the facts of the case be made by an appellee or respondent unless there is disagreement with the initial brief, and then only to the extent of disagreement. It is unacceptable in an answer brief to make a general statement that the facts in the initial brief are accepted, except as rejected in the argument section of the answer brief. Parties are encouraged to place every fact utilized in the argument section of the brief in the statement of facts.
Sectionubdivision (f) sets forth the times for service of briefs after service of the initial brief. Times for service of the initial brief are governed by the relevant rule.
Sectionubdivision (g) authorizes the filing of notices of supplemental authority at any time between the submission of briefs and rendition of a decision. Argument in such a notice is absolutely prohibited.
Sectionubdivision (h) states the number of copies of each brief whichthat must be filed with the clerk of the court involved  one1 copy for each judge or justice in addition to the original for the permanent court file. This rule is not intended to limit the power of the court to require additional briefs at any time.
The style and form for the citation of authorities should conform to the uniform citation system adopted by the Supreme Court of Florida, which is reproduced in Rrule 9.800.
*558 The Aadvisory Ccommittee urges counsel to minimize references in their briefs to the parties by such designations as "appellant,", "appellee,", "petitioner," and "respondent.". It promotes clarity to use actual names or descriptive terms such as "the employee,", "the taxpayer,", "the agency," etc. See Fed. R. App. P. 28(d).
1980 Amendment. Jurisdictional briefs, now limited to 10 pages by subsectiondivision (a), are to be filed only in the four4 situations presented in Rrules 9.030(a)(2)(A)(i), (ii), (iii), and (iv).
A district court decision without opinion is not reviewable on discretionary conflict jurisdiction. See Jenkins v. State, 385 So.2d 1356 (Fla. 1980), and; Dodi Publishing Co. v. Editorial America., S.A., 385 So.2d 1369 (Fla. 1980). The discussion of jurisdictional brief requirements in such cases whichthat is contained in the 1977 Rrevision of the Ccommittee Nnotes to Rrule 9.120 should be disregarded.
1984 Amendment. Subsectiondivision (b)(4) is new; subsectiondivision (b)(5) has been renumbered from former (b)(5); subsectiondivision (b)(6) has been renumbered from former (b)(5). Subsectiondivision (g) has been amended.
The summary of argument required by (b)(4) is designed to assist the court in studying briefs and preparing for argument; the rule is similar to rules of the various United States Ccourts of Aappeals.
1992 Amendment. Subdivision (a)(2) was amended to bring into uniformity the type size and spacing on all briefs filed under these rules. Practice under the previous rule allowed briefs to be filed with footnotes and quotations in different, usually smaller, type sizes and spacing. Use of such smaller type allowed some overly long briefs to circumvent the reasonable length requirements established by subdivision (a)(5) of this rule. The small type size and spacing of briefs allowed under the old rule also resulted in briefs that were difficult to read. The amended rule requires that all textual material wherever found in the brief will be printed in the same size type with the same spacing.
Subdivision (g) was amended to provide that notices of supplemental authority may call the court's attention, not only to decisions, rules, or statutes, but also to other authorities that have been discovered since the last brief was served. The amendment further provides that the notice may identify briefly the points on appeal to which the supplemental authorities are pertinent. This amendment continues to prohibit argument in such notices, but should allow the court and opposing counsel to identify more quickly those issues on appeal to which these notices are relevant.

Court Commentary
1987. The Ccommission expressed the view that the existing page limits for briefs, in cases other than those in the Supreme Court of Florida, are tailored to the "extraordinary" case rather than the "ordinary" case. In accordance with this view, the Ccommission proposed that the page limits of briefs in appellate courts other than the supreme court be reduced. The appellate courts would, however, be given discretion to expand the reduced page limits in the "extraordinary" case.

RULE 9.220. APPENDIX
The purpose of an appendix is to permit the parties to prepare and transmit copies of such portions of the record deemed necessary to an understanding of the issues presented. It may be served with a petition, brief, motion, or response; provided that an appendix is required in proceedings under Rrules 9.100, 9.110(i), 9.120, 9.125, and 9.130. It shall contain an index and a conformed copy of the opinion or order to be reviewed and may contain any other portions of the record and other authorities. It may be either 8 1/2 by 11 inches or 8 1/2 by 14 inches. It shall be separately bound or separated from the petition, brief, motion, or response by a divider and appropriate tab. Asterisks should be used to indicate omissions in documents or testimony of witnesses. If the appendix includes *559 documents filed before January 1991 on paper measuring 8 1/2 by 14 inches, the documents should be reduced in copying to 8 1/2 by 11 inches if practicable. If impracticable, the appendix may measure 8 1/2 by 14 inches, but it should be bound separately from the document that it accompanies.

Committee Notes
1977 RevisionAdoption. This rule is new and has been adopted to encourage the use of an appendix either as a separate document or as a part of another matter. An appendix is optional, except under Rrules 9.100, 9.110(i), 9.120, and 9.130. WhereIf a legal size (8 1/2 by 14 inches) appendix is used, counsel should make it a separate document. The term "conformed copy" is used throughout these rules to mean a true and accurate copy. In an appendix the formal parts of a document may be omitted whereif not relevant.
1980 Amendment. The rule has been amended to reflect the requirement that an appendix accompany a suggestion filed pursuant tounder Rrule 9.125.
1992 Amendment. This amendment addresses the transitional problem that arises if legal documents filed before January 1991 must be included in an appendix filed after that date. It encourages the reduction of 8 1/2 by 14 inch papers to 8 1/2 by 11 inches if practicable, and requires such documents to be bound separately if reduction is impracticable.

RULE 9.300. MOTIONS
(a) Contents of Motion; Response. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor. The motion shall state the grounds on which it is based, the relief sought, argument in support thereof, and appropriate citations of authority. A motion for an extension of time shall, and other motions whereif appropriate may, contain a certificate by the movant's counsel that hethat the movant's counsel has consulted opposing counsel and that hethe movant's counsel is authorized to represent that opposing counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. A party may serve one1 response to a motion within 10 days of service of the motion. The court may shorten or extend the time for response to a motion.
(b) Effect on Proceedings. Except as prescribed by sectionubdivision (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion. An order granting an extension of time for any act shall automatically extend the time for all other acts whichthat bear a time relation to it. An order granting an extension of time for preparation of the record, or the index to the record, or for filing of the transcript of proceedings, shall extend automatically, for a like period, the time for service of appellant's initial brief. A conformed copy of an order extending time entered by either the court or a lower tribunal shall be transmitted forthwith to the other by the appropriate clerk of the lower tribunal until the record has been transmitted to the court.
(c) Emergency Relief; Notice. A party seeking emergency relief shall, if practicable, give reasonable notice to all parties.
(d) Motions Not Tolling Time.
(1) Motions for post-trial release, Rrule 9.140(e).
(2) Motions for stay pending appeal, Rrule 9.310(f).
(3) Motions relating to oral argument, Rrule 9.320.
(4) Motions relating to joinder and substitution of parties, Rrule 9.360.
(5) Motions relating to amicus curiae, Rrule 9.370.
(6) Motions relating to attorney's' fees on appeal, Rrule 9.400.
(7) Motions relating to service, Rrule 9.420.
*560 (8) Motions relating to admission or withdrawal of attorneys, Rrule 9.440.
(9) All motions filed in the Ssupreme Ccourt, unless accompanied by a separate request to toll time.

Committee Notes
1977 RevisionAmendment. This Rrule replaces former Rrule 3.9.
Sectionubdivision (a) is new, except to the extent it replaces former Rrule 3.9(g), and is intended to outline matters required to be included in motions. These provisions are necessary because it is anticipated that oral argument will only rarely be permitted. Any matters whichthat formerly would have been included in a brief on a motion should be included in the motion. WhileAlthough affidavits and other documents not appearing in the record may be included in the appendix, it is to be emphasized that such materials are limited to matter germane to the motion, and are not to include matters which gorelated to the merits of the case. The Aadvisory Ccommittee was of the view that briefs on motions are cumbersome and unnecessary. The Aadvisory Ccommittee anticipates that the motion document will become simple and unified, with unnecessary technical language eliminated. Routine motions usually require only limited argument. Provision is made for a response by the opposing party. No further responses by either party are permitted, however, without an order of the court entered on the court's own motion or the motion of a party. To iensure cooperation and communication between opposing counsel, and conservation of judicial resources, a party moving for an extension of time is required to certify that opposing counsel has been consulted, and either has no objection or intends to serve an objection promptly. The certificate may also be used for other motions whereif appropriate. Only the motions listed in sectionubdivision (d) do not toll the time for performance of the next act. Subsectiondivision (d)(9) codifies current practice in the Ssupreme Ccourt, where motions do not toll time unless the Ccourt approves a specific request, for good cause shown, to toll time for the performance of the next act. Very few motions filed in that Ccourt warrant a delay in further procedural steps to be taken in a case.
The Aadvisory Ccommittee considered and rejected as unwise a proposal to allow at least 15 days to perform the next act after a motion tolling time was disposed.
Sectionubdivision (b) replaces former Rrule 3.9(f).
Sectionubdivision (c) is new and has been included at the request of members of the judiciary. It is intended to require that counsel make a reasonable effort to give actual notice to opposing counsel when emergency relief is sought from a court.
Specific reference to motions to quash or dismiss appeals contained in former Rrules 3.9(b) and (c) has been eliminated as unnecessary. It is not intended that such motions be abolished. Courts have the inherent power to quash frivolous appeals, and sectionubdivision (a) guarantees to any party the right to file a motion. Although no special time limitations are placed on such motions, delay in presenting any motion may influence the relief granted or sanctions imposed under Rrule 9.410.
As was the case under former Rrule 3.8, a motion may be filed in either the lower tribunal or the court, in accordance with Rrule 9.600.
1980 Amendment. Sectionubdivision (b) was amended to require the clerk of either court to notify the other clerk when an extension of time has been granted, up to the time that the record on appeal has been transmitted to the court, so that the clerk of the lower tribunal will be able to properly compute the time for transmitting the record on appeal, and that both courts may properly compute the time for performing subsequent acts.
1992 Amendment. Subdivision (b) was amended to clarify an uncertainty over time deadlines. The existing rule provided that an extension of time for performing an act automatically extended for a comparable *561 period any other act that had a time relation thereto. The briefing schedule, however, is related by time only to the filing of the notice of appeal. Accordingly, this amendment provides that orders extending the time for preparation of the record, the index to the record, or a transcript, automatically extends for the same period the time for service of the initial brief. Subdivision (b) also was amended to correlate with rule 9.600(a), which provides that only an appellate court may grant an extension of time.

RULE 9.310. STAY PENDING REVIEW
(a) Application. Except as provided by general law and in sectionubdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. WhenIf the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, onby posting of a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount upon which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.
(2) Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the Sstate, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
(3) Deputy CommissionerJudge of Compensation Claims Awards. The timely filing of a notice shall automatically operate as a stay pending review of an award by a deputy commissionerjudge of compensation claims on a claim for birth-related neurological injuries.
(c) Bond.
(1) Defined. A good and sufficient bond is a bond with a principal and two personal sureties or onea surety company authorized to do business in the State of Florida, or cash deposited in the circuit court clerk's office. The lower tribunal shall have continuing jurisdiction to determine the actual sufficiency of any such bond.
(2) Conditions. The conditions of a bond shall include a condition to pay or comply with the order in full, including costs,; interest,; fees,, and damages for delay, use, detention, and depreciation of property, if the review is dismissed or order affirmed; and may include such other conditions as may be required by the lower tribunal.
(d) Judgment Against a Surety. A surety on a bond conditioning a stay submits to the jurisdiction of the lower tribunal and the court. The liability of the surety upon such bond may be enforced by the lower tribunal or the court, after motion and notice, without the necessity of an independent action.
(e) Duration. A stay entered by a lower tribunal shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, or unless otherwise modified or vacated.
(f) Review. Review of orders entered by lower tribunals under this rule shall be by the court upon motion.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrules 5.1- through 5.12. It implements the Administrative Procedure Act, Ssection 120.68(3), Florida Statutes (Supp. 1976).
Sectionubdivision (a) provides for obtaining a stay pending review by filing a motion *562 in the lower tribunal, and clarifies the authority of the lower tribunal to increase or decrease the bond or deal with other conditions of the stay, even though the case is pending before the court. Exceptions are provided in sectionubdivision (b). The rule preserves any statutory right to a stay. The court has plenary power to alter any requirements imposed by the lower tribunal. A party desiring exercise of the court's power may seek review by motion pursuant tounder sectionubdivision (f) of this rule.
Subsectiondivision (b)(1) replaces former Rrule 5.7. It establishes a fixed formula for determining the amount of the bond whereif there is a judgment solely for money. This formula shall be automatically accepted by the clerk. If an insurance company is a party to an action with its insured, and the judgment exceeds the insurance company's limits of liability, the rule permits the insurance company to supersede by posting a bond in the amount of its limits of liability, plus fifteen15 percent. For the insured co-defendant to obtain a stay, bond must be posted for the portion of the judgment entered against himthe insured co-defendant plus fifteen15 percent. The fifteen15 percent figure was chosen as a reasonable estimate of two2 years' interest and costs, it being very likely that the stay would remain in effect for over one1 year.
Subsectiondivision (b)(2) replaces former Rrule 5.12. It provides for an automatic stay without bond as soon as a notice invoking jurisdiction is filed by the Sstate or any other public body, other than in criminal cases, which are covered by Rrule 9.140(c)(2), but the lower tribunal may vacate the stay or require a bond. This rule supersedes Lewis v. Career Service Comm'ission, 332 So.2d 371 (Fla. 1st DCA 1976).
Sectionubdivision (c) retains the substance of former Rrule 5.6, and states the mandatory conditions of the bond.
Sectionubdivision (d) retains the substance of former Rrule 5.11, with an additional provision for entry of judgment by the court so that whereif the lower tribunal is an agency, resort to an independent action is unnecessary.
Sectionubdivision (e) is new and is intended to permit a stay for which a single bond premium has been paid to remain effective during all review proceedings. The stay is vacated by issuance of mandate or an order vacating it. There are no automatic stays of mandate under these rules, except for the Sstate or a public body under subsectiondivision (b)(2) of this rule, or if a stay as of right is guaranteed by statute. See, for examplee.g., § 120.68(3), Fla. Stat. (Supp. 1976). This rule interacts with Rrule 9.340, however, so that a party has 15 days between rendition of the court's decision and issuance of mandate (unless issuance of mandate is expedited) to move for a stay of mandate pending review. If such motion is granted, any stay and bond previously in effect continues, except to the extent of any modifications, by operation of this rule. If circumstances arise requiring alteration of the terms of the stay, the party asserting the need for such change should apply by motion for the appropriate order.
Sectionubdivision (f) provides for review of orders regarding stays pending appeal by motion in the court.
WhileAlthough the normal and preferred procedure is for the parties to seek the stay in the lower court, this rule is not intended to limit the constitutional power of the court to issue stay orders after its jurisdiction has been invoked. It is intended that whereif review of the decision of a Florida court is sought in the United States Supreme Court, a party may move for a stay of mandate, but sectionubdivision (e) does not apply in such cases.
1984 Amendment. Because of recent increases in the statutory rate of interest on judgments, subsectiondivision (b)(1) was amended to provide that two2 years' interest on the judgment, rather than 15 percent of the judgment, be posted in addition to the principal amount of the judgment. In *563 addition, the subsectiondivision was amended to cure a deficiency in the prior rule revealed by Proprietors Insurance Co. v. Valsecchi, 385 So.2d 749 (Fla. 3d DCA 1980). As under the former rule, if a party has an obligation to pay interest only upon the judgment, the bond required for that party shall be equal to the principal amount of the judgment plus two2 years' interest upon it. In some cases, however, an insurer may be liable under its policy to pay interest on the entire amount of the judgment against its insured, notwithstanding that the judgment against it may be limited to a lesser amount by its policy limits. See Highway Casualty Co. v. Johnston, 104 So.2d 734 (Fla. 1958). In that situation, the amended rule requires the insurance company to supersede the limited judgment against it by posting a bond in the amount of the judgment plus two2 years' interest on the judgment against its insured, so that the bond will more closely approximate the insurer's actual liability to the plaintiff at the end of the duration of the stay. If such a bond is posted by an insurer, the insured may obtain a stay by posting a bond in the amount of the judgment against it in excess of that superseded by the insurer. The extent of coverage and obligation to pay interest may, in certain cases, require an evidentiary determination by the court.
1992 Amendment. Subdivision (c)(1) was amended to eliminate the ability of a party posting a bond to do so through the use of 2 personal sureties. The committee was of the opinion that a meaningful supersedeas could be obtained only through the use of either a surety company or the posting of cash. The committee also felt, however, that it was appropriate to note that the lower tribunal retained continuing jurisdiction over the actual sufficiency of any such bond.

RULE 9.315. EXPEDITED DISPOSITION
(a) Expedited Affirmance. After service of the initial brief in appeals under Rrule 9.110, Rule 9.130, or Rule 9.140, or after service of the answer brief if a cross-appeal has been filed, the court may summarily affirm the order to be reviewed if the court finds that no preliminary basis for reversal has been demonstrated.
(b) Expedited Reversal. After service of the answer brief in appeals under Rrule 9.110, Rule 9.130, or Rule 9.140, or after service of the reply brief if a cross-appeal has been filed, the court may summarily reverse the order to be reviewed if the court finds that no meritorious basis exists for affirmance and the order otherwise is subject to reversal.
(c) Motions Not Permitted. This rule may be invoked only on the court's own motion. A party may not request summary disposition.

Court Commentary
1987. This rule contemplates a screening process by the appellate courts. More time will be spent early in the case in order to save more time later. The rule is fair in that appellant has an opportunity to file a full brief. The thought behind this proposal is to allow the appellate courts in Florida to expeditiously disposeexpeditious disposition of nonmeritorious appeals or obviously meritorious appeals.

RULE 9.320. ORAL ARGUMENT
Oral argument may be permitted in any proceeding. A request for oral argument shall be a separate document served by a party not later than the time the last brief of that party is due. Each side will be allowed twenty (20) minutes for oral argument, except in capital cases in which each side will be allowed thirty (30) minutes. UpoOn its own motion or that of a party, the court may require, limit, expand, or dispense with oral argument.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 3.10. As under the former rules, there is no right to oral argument. It is contemplated that oral argument will be granted only whenif the court believes its consideration of the issues raised will be enhanced. The time ordinarily *564 allowable to each party has been reduced from 30 minutes to 20 minutes to conform with the prevailing practice in the courts. WhereIf oral argument is permitted, the order of the court will state the time and place.

RULE 9.330. REHEARING; CLARIFICATION; CERTIFICATION
(a) Time for Filing; Contents; Reply. A motion for rehearing or for, clarification of decision, or for certification, may be filed within 15 days of an order or within such other time set by the court. A motion for rehearing or clarification shall state with particularity the points of law or fact whichthat the court has overlooked or misapprehended. The motion shall not re-argue the merits of the court's order. A reply may be served within 10 days of service of the motion.
(b) Limitation. A party shall not file more than one1 motion for rehearing or for clarification of decision and one1 motion for certification with respect to a particular decision.
(c) Exception; Bond Validation Proceedings. A motion for rehearing or for clarification of a decision in proceedings for the validation of bonds or certificates of indebtedness as provided by Rrule 9.030(a)(1)(B)(ii) may be filed within 10 days of an order or within such other time set by the court. A reply may be served within five5 days of service of the motion. The mandate shall issue forthwith if a timely motion has not been filed. A timely motion shall receive immediate consideration by the court and, if denied, the mandate shall issue forthwith.
(d) Exception; Review Uunder Rule 9.120. No motion for rehearing or for clarification may be filed in the Ssupreme Ccourt addressed to the grant or denial of a request for the Ccourt to exercise its discretion to review a decision described in Rrule 9.120.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 3.14. Rehearing now must be sought by motion, not by petition. The motion must be filed within 15 days of rendition and a response may be served within 10 days of service of the motion. Only one1 motion will be accepted by the clerk. Re-argument of the issues involved in the case is prohibited.
Sectionubdivision (c) provides expedited procedures for issuing a mandate in bond validation cases, in lieu of those prescribed by Rrule 9.340.
Sectionubdivision (d) makes clear that motions for rehearing or for clarification are not permitted as to any decision of the Ssupreme Ccourt granting or denying discretionary review under Rrule 9.120.

RULE 9.331. DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order that a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearings shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court's decisions. The en banc decision shall be by a majority of the active judges actually participating and voting on the case. In the event of a tie vote, the panel decision of the district court shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision.
(b) Hearings En Banc. A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.
(c) Rehearings En Banc.
(1) Generally. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by Rrule 9.330 and in conjunction with the motion for rehearing, *565 a party may move for an en banc rehearing solely on the grounds that the case is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(2) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless one of the grounds set forth in (1) is clearly met. WhenIf filed by an attorney, the motion shall contain oneeither or both of the following statements:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is of exceptional importance.
Or
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court: (citing specifically the case or cases).
 /s/ __________________________________
 Attorney for __ (name of party) __
 ___ (address and phone number) ___
 Florida Bar No. __________________
(3) Formal Order on Motion for Rehearing En Banc. An order on aA motion for rehearing en banc shall be deemed denied upon a denial of rehearing or a grant of rehearing without en banc consideration. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.

Committee Notes
1982 Amendment. This rule is patterned in part after the en banc rule of the United States Court of Appeals for the Fifth and Eleventh Circuits. The rule is an essential part of the philosophy of our present appellate structure because the supreme court no longer has jurisdiction to review intra-district conflict. The new appellate structural scheme requires the district courts of appeal to resolve conflict within their respective districts through the en banc process. By so doing, this should result in a clear statement of the law applicable to that particular district.
Subsectiondivision (a) provides that a majority vote of the active and participating members of the district court is necessary to set a case for hearing en banc or rehearing en banc. The issues on the merits will be decided by a simple majority of the judges actually participating in the en banc process, without regard to recusals or a judge's absence for illness. All judges in regular active service, not excluded for cause, will constitute the en banc panel. Counsel are reminded that en banc proceedings are extraordinary and will be ordered only in the enumerated circumstances. The ground, maintenance of uniformity in the court's decisions, is the equivalent of decisional conflict as developed by supreme court precedent in the exercise of its conflict jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity. The effect of an en banc tie vote is self-explanatory, but such a vote does suggest that the matter is one whichthat should be certified to the supreme court for resolution.
Subsectiondivision (b) provides that hearings en banc may not be sought by the litigants; such hearings may be ordered only by the district court sua sponte.
Subsectiondivision (c)(1) governs rehearings en banc. A litigant may apply for an en banc rehearing only on the ground that intra-district conflict of decisions exists, and then only in conjunction with a timely filed motion for rehearing under Rrule *566 9.330. The en banc rule does not allow for a separate motion for an en banc rehearing nor does it require the district court to enter a separate order on such request. Once a timely motion for rehearing en banc is filed in conjunction with a traditional petition for rehearing, the three3 judges on the initial panel must consider the motion. A vote of the entire court may be initiated by any single judge on the panel. Any other judge on the court may also trigger a vote by the entire court. Nonpanel judges are not required to review petitions for rehearing en banc until a vote is requested by another judge, although all petitions for rehearing en banc should be circulated to nonpanel judges. The court may on its own motion order a rehearing en banc.
Subsectiondivision (c)(2) requires a signed statement of counsel certifying a bona fide belief that an en banc hearing is necessary to ensure decisional harmony within the district.
Subsectiondivision (c)(3) is intended to prevent baseless motions for en banc rehearings from absorbing excessive judicial time and labor. The district courts will not enter orders denying motions for en banc rehearings. If a rehearing en banc is granted, the court may order briefs from the parties and set the case for oral argument.
1992 Amendment. Subdivision (c)(3) was amended to correct a linguistic error found in the original subdivision.

RULE 9.340. MANDATE
(a) Issuance of Mandate. Unless otherwise ordered by the court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuance, shall be served on all parties.
(b) Extension of Time for Issuance of Mandate. If a timely motion for rehearing or for, clarification, or for certification, has been filed, the time for issuance of the mandate or other process shall be extended until 15 days after rendition of the order denying the motion, or, if granted, until 15 days after the cause has been fully determined.
(c) Entry of Money Judgment.[*] When If a judgment of reversal is entered which that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 3.15. The power of the court to expedite as well as delay issuance of the mandate, with or without motion, has been made express. That part of former Rrule 3.15(a) regarding money judgments has been eliminated as unnecessary. It is not intended to change the substantive law there stated. The fifteen15-day delay in issuance of mandate is necessary to allow a stay to remain in effect for purposes of Rrule 9.310(e). This automatic delay is inapplicable to bond validation proceedings, which are governed by Rrule 9.330(c).
1984 Amendment. Subsectiondivision (c) was added. It is a repromulgation of former Rrule 3.15(a), which was deleted in 1977 as being unnecessary. Experience proved it to be necessary.

RULE 9.350. DISMISSAL OF CAUSES
(a) Dismissal of Causes Wwhen Settled. When any cause pending in the court is settled prior tobefore a decision on the merits, the parties shall immediately notify the court by filing a signed stipulation for dismissal.
(b) Voluntary Dismissal. A proceeding of an appellant or petitioner may be dismissed prior tobefore a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal; provided that dismissal shall not be effective until 10 days after filing the notice of *567 appeal or until 10 days after the time prescribed by Rrule 9.110(b), whichever is later.
(c) Clerk's Duty. When a proceeding is dismissed pursuant tounder this rule, the clerk of the court shall notify the clerk of the lower tribunal.

Committee Notes
1977 RevisionAmendment. Sectionubdivision (a) retains the substance of former Rrule 3.13(a). UpoOn the filing of a stipulation of dismissal, the clerk of the court will dismiss the case as to the parties signing the stipulation.
Sectionubdivision (b) is intended to allow an appellant to dismiss histhe appeal but a timely perfected cross-appeal would continue. A voluntary dismissal would not be effective until after the time for joinder in appeal or cross-appeal. This limitation was created so that an opposing party desiring to have adverse rulings reviewed by a cross-appeal cannot be trapped by a voluntary dismissal by the appellant after the appeal time has run, but before an appellee has filed histhe notice of joinder or cross-appeal.
Sectionubdivision (c) retains the substance of former Rrule 3.13(c).

RULE 9.360. PARTIES
(a) Joinder. A party to the cause in the lower tribunal who desires to join in a proceeding as a petitioner or appellant shall file a notice to that effect within 10 days of service of the petition or notice or within the time prescribed by Rrule 9.110(b), whichever is later.
(b) Attorneys, Representatives, and Guardians Ad Litem. Attorneys, representatives, and guardians ad litem in the lower tribunal shall retain their status in the court unless others are duly appointed or substituted.
(c) Substitution of Parties.
(1) If substitution of a party is necessary for any reason, the court may so order upon its own motion or that of a party.
(2) Public officers as parties in their official capacities may be described by their official titles rather than by name. Their successors in office shall be automatically substituted as parties.
(3) If a party dies while a proceeding is pending and histhat party's rights survive, the court may order the substitution of the proper party upon its own motion or that of any interested person.
(4) If a person entitled to file a notice dies before filing and histhat person's rights survive, the notice may be filed by the personal representative, attorney of record, or, if none, by any interested person. Following filing, the proper party shall be substituted.

Committee Notes
1977 RevisionAmendment. This rule is intended as a simplification of the former rules with no substantial change in practice.
Sectionubdivision (a) is a simplification of the provisions of former Rrule 3.11(b), with modifications recognizing the elimination of assignments of error.
Sectionubdivision (b) retains the substance of former Rrule 3.11(d).
Subsectiondivision (c)(1) substantially simplifies the procedure for substituting parties. This change is in keeping with the overall concept of this revision that these rules should identify material events that may or should occur in appellate proceedings and specify in general terms how that event should be brought to the attention of the court and how the parties should proceed. The manner in which these events shall be resolved is left to the courts, the parties, the substantive law, and the circumstances of the particular case.
Subsectiondivision (c)(2) is new and is intended to avoid the necessity of motions for substitution whereif the person holding a public office is changed during the course of proceedings. It should be noted that the style of the case does not necessarily change.
*568 Subsectiondivision (c)(4) is new, and is intended to simplify the procedure and avoid confusion whenif a party dies prior tobefore an appellate proceeding beingis instituted. Substitutions in such cases are to be made according to subsectiondivision (c)(1).

RULE 9.370. AMICUS CURIAE
An amicus curiae may file and serve a brief in any proceeding with written consent of all parties or by order or request of the court. A motion to file a brief as amicus curiae shall state the reason for the request and the party or interest on whose behalf the brief is to be filed. Unless stipulated by the parties or otherwise ordered by the court, an amicus curiae brief shall be served within the time prescribed for briefs of the party whose position is supported.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 3.7(k) and expands the circumstances wherein which amicus curiae briefs may be filed to recognize the power of the court to request amicus curiae briefs.

RULE 9.400. COSTS AND ATTORNEY'S' FEES
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include:
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
(4) other costs permitted by law.
Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.
(b) Attorney's' Fees. A motion for attorney's' fees may be served not later than the time for service of the reply brief and shall state the grounds upon which recovery is sought. The assessment of attorney's' fees may be remanded to the lower tribunal. If attorney's' fees are assessed by the court, the lower tribunal may enforce payment.
(c) Review. Review of orders rendered pursuant tounder this rule shall be by motion filed in the court within 30 days of rendition.

Committee Notes
1977 RevisionAmendment. Sectionubdivision (a) replaces former Rrules 3.16(a) and (b). It specifies allowable cost items according to the current practice. Item (3) is not intended to apply to bail bond premiums. Item (4) is intended to permit future flexibility. This rule provides that the prevailing party must move for costs in the lower tribunal within 30 days after issuance of the mandate.
Sectionubdivision (b) retains the substance of former Rrule 3.16(e). The motion for attorney's' fees must contain a statement of the legal basis for recovery. The elimination of the reference in the former rule to attorney's' fees "allowable by law" is not intended to give a right to assessment of attorney's' fees unless otherwise permitted by substantive law.
Sectionubdivision (c) replaces former Rrules 3.16(c) and (d). It changes from 20 days to 30 days the time for filing a motion to review an assessment of costs or attorney's' fees by a lower tribunal acting pursuant tounder order of the court.

RULE 9.410. SANCTIONS
After ten10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper whichthat is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorney's' fees, or other sanctions.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 3.17. This rule specifies the penalties or sanctions whichthat *569 generally are imposed, but does not limit the sanctions available to the court. The only change in substance is that this rule provides for 10 days notice to the offending party prior tobefore imposition of sanctions.

RULE 9.420. FILING; SERVICE OF COPIES; COMPUTATION OF TIME
(a) Filing. Filing may be accomplished by filing with the clerk; provided that a justice or judge may accept the documents for filing, and shall note the filing date and forthwith transmit them to the office of the clerk.
(b) Service. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed pursuant tounder these rules shall, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.
(c) Method and Proof of Service.
(1) Same; How Made. WhenIf service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to himthe attorney or party or by mailing it to himthe attorney or party at histhe last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (aA) handing it to the attorney or to the party, or (bB) leaving it at histhe attorney's or party's office with histhe clerk or other person in charge thereof, or (cC) if there is no one in charge, leaving it in a conspicuous place therein, or (dD) if the office is closed or the person to be served has no office, leaving it at histhe attorney's or party's usual place of abode with some person of histhe attorney's or party's family above fifteen15 years of age and informing such person of the contents. Service by mail shall be complete upon mailing.
(2) Certificate of Service. WhenIf any attorney shall certify in substance:
 "I certify that a copy hereof has
 been furnished to ____ (here insert
 name or names) ____ by ____ (delivery)
 (mail) ____ this ____ day of
 ____, 19__
 __________________________________
 Attorney"
 __________________________________
 Attorney for __ (name of party) __
 ___ (address and phone number) ___
 Florida Bar No. __________________
the certificate shall be taken as prima facie proof of such service in compliance with these rules.
(d) Additional Time After Service by Mail. WheneverIf a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five5 days shall be added to the prescribed period.
(e) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a holiday described below, in which event, the period shall run until the end of the next day that is neither a Saturday, Sunday, nor holiday. WhenIf the period of time prescribed or allowed is less than seven7 days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation. As used in this rule, holiday means:
*570 (1) New Year's Day;
(2) Martin Luther King, Jr.'s bBirthday, the third Monday in January;
(3) Washington's Birthday, the third Monday in February;
(4) Good Friday;
(5) Memorial Day, the last Monday in May;
(6) Independence Day;
(7) Labor Day, the first Monday in September;
(8) Columbus Day, the second Monday in October;
(9) Veterans' Day;
(10) General Election Day;
(11) Thanksgiving Day, the fourth Thursday in November;
(12) Christmas Day;
(13) any statewide primary day;
(14) any Monday immediately following a Sunday upon which one of the foregoing holidays falls; and
(15) any other day when the clerk's office is closed.

Committee Notes
1977 RevisionAmendment. Sectionubdivision (a) replaces former Rrule 3.4(a). The last sentence of former Rrule 3.4(a) was eliminated as superfluous. The filing of papers with a judge or justice is permitted at the discretion of the judge or justice. The Aadvisory Ccommittee recommends that the ability to file with a judge or justice be exercised only whenif necessary, and that care be taken not to discuss in any manner the merits of the document being filed. See Fla. Bar Code of Prof. Resp., DR 7-110(B) (now R. Regulating Fla. Bar 4-3.5(b)); Fla. Bar Code Jud. Conduct, Canon 3(A)(4).
Sectionubdivision (b) replaces and simplifies former Rrules 3.4(b)(5) and 3.6(i)(3). The substance of the last sentence of former Rrule 3.4(b)(5) is preserved. It should be noted that except for the notices or petitions whichthat invoke jurisdiction, these rules generally provide for service by a certain time rather than filing. Under this provision filing must be done prior tobefore service or immediately thereafter. Emphasis has been placed on service in orderso as to eliminate the hardship caused on parties caused by tardy service under the former rules and to eliminate the burden placed on the courts by motions for extension of time resulting from such tardy service. It is anticipated that tardy filing will occur less frequently under these rules than tardy service under the former rules sincebecause the parties are unlikely to act in a manner whichthat would irritate the court. The manner for service and proof thereof is provided in sectionubdivision (c).
Sectionubdivision (d) replaces former Rrule 3.4(b)(3) and provides that whenif a party or clerk is required or permitted to do an act within a prescribed time after service upon him, five5 days (instead of three3 days under the former rule) shall be added to the time if service is by mail.
Sectionubdivision (e) replaces former Rrule 3.18 with no substantial change. "Holiday" is defined to include any day the clerk's office is closed whether or not done pursuant toby order of the court. The holidays specifically listed have been included, even though many courts do not recognize them as holidays, in order to not place a burden on practitioners to check whether an individual court plans to observe a particular holiday.
1980 Amendment. Sectionubdivision (b) was amended to provide that either the lower tribunal or the court may limit the number of copies to be served. The rule contemplates that the number of copies may be limited upon any showing of good cause, for example, that the number of copies involved is onerous or that the appeal involves questions with which some parties have no interest in the outcome or are so remotely involved as not to justify *571 furnishing a complete record to them at appellant's initial cost. The availability of the original record at the clerk's office of the lower tribunal until due at the appellate court is a factor to be considered.

RULE 9.430. PROCEEDINGS BY INDIGENTS
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing histhe party's inability either to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or costs in either the lower tribunal or the court or the giving of security therefor. If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court.

Committee Notes
1977 RevisionAdoption. This rule governs the manner in which an indigent may proceed with an appeal without payment of fees or costs and without bond. Adverse rulings by the lower tribunal must state in writing the reasons for denial. Provision is made for review by motion. Such motion may be made without the filing of fees as long as a notice has been filed, the filing of fees not being jurisdictional. This rule is not intended to expand the rights of indigents to proceed with an appeal without payment of fees or costs. The existence of such rights is a matter governed by substantive law.

RULE 9.440. ATTORNEYS
(a) Foreign Attorneys. Attorneys who are members in good standing of the bar of another jurisdiction may be permitted to appear in a proceeding if a motion to appear has been granted.
(b) Withdrawal of Attorneys. An attorney of record may be permitted to withdraw by order of the court. The attorney shall file a motion to withdraw, stating the reasons therefor and the client's address. A copy of the motion shall be served on the client.

Committee Notes
1977 RevisionAmendment. This rule replaces former Rrule 2.3 with unnecessary subsectiondivisions deleted. The deletion of former Rrule 2.3(c) was not intended to authorize the practice of law by research aides or secretaries to any justice or judge or otherwise approve actions inconsistent with the high standards of ethical conduct expected of such persons.
Sectionubdivision (a) permits foreign attorneys to appear upon motion filed and granted at any time. See Fla. Bar Integr. Rule By-Laws, art. II, § 2. There is no requirement that the foreign attorney be from a jurisdiction giving a reciprocal right to members of The Florida Bar. This rule leaves disposition of motions to appear to the discretion of the court.
Sectionubdivision (b) is intended to protect the rights of parties and attorneys, and the needs of the judicial system.
This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.

RULE 9.500. ADVISORY OPINIONS TO GOVERNOR
(a) Filing. A request by the Ggovernor for an advisory opinion from the justices of the Ssupreme Ccourt on a question affecting hisgubernatorial powers and duties shall be in writing. The original and seven7 copies shall be filed with the clerk of the Ssupreme Ccourt.
(b) Procedure. As soon as practicable after the filing of the request, the justices shall determine whether the request is within the purview of article IV, section 1(c), Florida Constitution, and proceed as follows:
(1) Whether the request is within the purview of Article IV, Section 1(c) of the *572 Florida Constitution. If four4 justices concur that the question is not within that purview, the Ggovernor shall be advised forthwith in writing and a copy shall be filed in the clerk's office.
(2) If the request is within thethat purview of Article IV, Section 1(c) of the Florida Constitution, the Ccourt may permit persons whose substantial interests may be affected to be heard on the questions presented through briefs, oral argument, or both. If the Ccourt determines to receive briefs or hear oral argument, it shall set the time for filing briefs, the date of argument, and the time allotted. The Ccourt may appoint amicus curiae and prescribe their duties.
(3) The justices shall file their opinions in the clerk's office. Copies shall be delivered to the Ggovernor.

Committee Notes
1977 RevisionAmendment. This rule simplifies former Rrule 2.1(h) without material change.

RULE 9.600. JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW
(a) Concurrent Jurisdiction. Only the court may grant an extension of time for any act required by these rules. Before the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any other procedural matter relating to the cause, subject to the control of the court.
(b) Further Proceedings. WhenIf the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal.
(c) Dissolution of Marriage Actions. In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal, including costs and attorney's' fees. Review of such orders shall be by motion filed in the court within 30 days of rendition. The receipt or payment of funds under an order awarding separate maintenance, child support, or alimony shall not prejudice the rights of appeal of any party.

Committee Notes
1977 RevisionAmendment. This rule governs the jurisdiction of the lower tribunal during the pendency of review proceedings, except for interlocutory appeals. WhereIf an interlocutory appeal is taken, the lower tribunal's jurisdiction is governed by Rrule 9.130(f).
Sectionubdivision (b) replaces former Rrule 3.8(a). It allows for continuation of various aspects of the proceeding in the lower tribunal, as may be allowed by the court, without a formal remand of the cause. This rule is intended to prevent unnecessary delays in the resolution of disputes.
Sectionubdivision (c) is derived from former Rrule 3.8(b). It provides for jurisdiction in the lower tribunal to enter and enforce orders awarding separate maintenance, child support, alimony, temporary suit money, and attorney's' fees. Such orders may be reviewed by motion.
1980 Amendment. Sectionubdivision (a) was amended to clarify the appellate court's paramount control over the lower tribunal in the exercise of its concurrent jurisdiction over procedural matters. This amendment would allow the appellate court to limit the number of extensions of time granted by a lower tribunal, for example.

*573
 RULE 9.700. GUIDE TO TIMES FOR ACTS UNDER RULES
 APPEALS AND REVIEW IN THE SUPREME COURT[1]
--------------------------------------------------------------------------------------------------------------------------------------------------------
TIME FOR ACTS 9.110 9.120 9.125 9.140 9.150
UNDER FLORIDA APPEALS FROM DISCRETIONARY APPEALS FROM APPEALS IN CERTIFIED
RULES OF FINAL ORDERS REVIEW TRIAL COURTS DEATH SENTENCE QUESTIONS
APPELLATE CERTIFIED BY CASES[2] FROM FEDERAL
PROCEDURE DCA COURTS
--------------------------------------------------------------------------------------------------------------------------------------------------------
I. COMMENCEMENT
Filing of notice or petition Commencement Commencement
(Ddays from 30 30 occurs when DCA 30 occurs when Ffederal
rendition of order to be renders certificate. Ccourt
reviewed). certificate.
--------------------------------------------------------------------------------------------------------------------------------------------------------
II. BRIEFS
a) Initial brief on jurisdiction Within 10 days of
 served. commencement.
--------------------------------- ----------------------
b) Answer brief on jurisdiction N/A Within 20 days of N/A N/A N/A
 served. initial brief.
--------------------------------------------------------------------------------------------------------------------------------------------------------
c) Initial brief on the Within 70 days of 20 days of decision Within 60 days of Within 20 days of
 merits served. commencement.[3] on jurisdiction. filing record. commencement.
--------------------------------------------------------------------------- -----------------------------------------------------
d) Answer brief on the Within 20 days of service of initial Within 45 days of Within 20 days of
 merits served. brief. initial brief. initial brief.
--------------------------------------------------------------------------- -----------------------------------------------------
e) Reply brief on the Within 20 days of service of answer Within 30 days of Within 20 days of
 merits served. brief. answer brief. answer brief.
--------------------------------------------------------------------------- -----------------------------------------------------
III. RECORD AND
 TRANSCRIPT
a) Directions to clerk Within 10 days of
 and designation of commencement.
 transcript.
----------------------------------------------------------------------------
b) Cross-directions/designations Within 20 days of If Ssupreme Ccourt
 by Aappellee commencement. accepts jurisdiction,
 or Ccross-Aappellant time limits
 of applicable
 jurisdictional rules
 are used.
-----------------------------------------------------
c) Designation by Within 10 days of N/A As ordered by As ordere by
 Ccross-Aappellee. (b) Ccourt Ccourt
-----------------------------------------------------
d) Court reporter to deliver Within 30 days of
 transcript to a designation.
 clerk.
-----------------------------------------------------
e) Record prepared and Within 50 days of
 index served. commencement.
----------------------------------------------------------------------------------------------------------
f) Record transmitted. 110 (no record Within 60 days of 10 days after Ssupreme
 transmitted in decision on Ccourt accepts
 bond validation jurisdiction. jurisdiction.
 proceeding).[4]
--------------------------------------------------------------------------------------------------------------------------------------------------------
IV. REHEARING
Filing of Mmotion for 15[5] No rehearing of 15 15 15
Rrehearing (Ddays from decision on
rendition of decision). jurisdiction.
--------------------------------------------------------------------------------------------------------------------------------------------------------

*574
 APPEALS TO THE DISTRICT COURTS OF APPEAL AND CIRCUIT COURTS
---------------------------------------------------------------------------------------------------------------------------
TIME FOR ACTS 9.100 9.110 9.130 9.140
UNDER FLORIDA ORIGINAL APPEALS FROM APPEALS FROM APPEALS IN
RULES OF PROCEEDINGS FINAL ORDERS NON-FINAL ORDERS CRIMINAL CASES
APPELLATE PROCEDURE Defendant State
---------------------------------------------------------------------------------------------------------------------------
I. COMMENCEMENT 30 30 30 15
a) Filing of notice 30 in Ccommon-Law
 petition; Ddays Ccertiorari Pproceedings.
 from rendition No limit otherwise.
 of order to
 be reviewed).
---------------------------------------------------------------------------------------------------------------------------
b) Response to Set by Ccourt
 Ppetition
--------------------------------------------------
c) Reply served. 20 days from response N/A N/A N/A
 service.
---------------------------------------------------------------------------------------------------------------------------
II. BRIEFS Within 70 Within 15 Within 80
 days of days of days of
a) Initial brief commencement. commencement. commencement.
 served.
----------------------- ---------------- ------------- --------------------------------
b) Answer brief N/A Within 20 days of service of initial brief.
 served.
----------------------- ----------------------------------------------------------------------
c) Reply brief Within 20 days of service of answer brief.
 served.
---------------------------------------------------------------------------------------------------------------------------
III. RECORD AND
 TRANSCRIPT
a) Directions to Within 10 Within 10
 clerk and days of days of
 designation of commencement. commencement.
 transcript if
 desired.
----------------------- --------------------- ----------------------------
b) Cross-directions/ Within 20 Within 20 Within 10
 designations by commencement days of days of
 Aappellee or commerncement commencement
 Ccross-Aappellant.
----------------------- --------------------- -----------------------------
c) Designations by N/A Within 10 days of N/A Within 10 days of
 Ccross-Aappellee. Ccross-Aappellants' Ccross-Aappellants'
 designations. designations.
----------------------- --------------------- ----------------------------
d) Court reporter Within 30 days of Within 30 days of
 to deliver of designations. service of a designation.
 transcript to clerk.
----------------------- --------------------- ----------------------------
e) Record prepared Within 50 days of Within 50 days of
 and index served. commencement.[1] commencement.
---------------------------------------------------------------------------------------------------------------------------
f) Record Only if ordered by Within 110 days of Only if ordered When prepared.
 transmitted. Ccourt. Commenement[2] by Ccourt.
---------------------------------------------------------------------------------------------------------------------------
IV. REHEARING
Filing of Mmotion 15 15 15 15
for Rrehearing
(Ddays from
rendition of
decision).
---------------------------------------------------------------------------------------------------------------------------

Committee Notes
1977 Revision. This chart provides a visual guide to the times within which the various acts are required to be perormed under these rules. It may not be relied upon or cited as a basis for relief from any mistake, however, as it is provided solely to facilitate convenient reference by the affected parties. All time computation, whether jurisdictional or otherwise, must be determined from the text of the applicable rules.
1980 Amendment. Practitioners are cautioned that, until the Supreme Court completed its review of the rules, it was not possible to adjust the times noted in this rule, Consequently, no adjustments have been made in this rule to reflect 1980 amendments to other rules.
The Committee Note for the "1980 Amendment" was inserted by order dated November 26, 1980, effective January 1, 1980 (391 So.2d 203) without amendment in text of the rule.
1984 Amendment. These two 2 charts provide a visual guide to the times within which the various acts are required to be performed under these rules. They may not be relied upon or cited as basis for relief from any mistake, however, as they are provided solely to facilitate convenient reference to the affected parties. All time *575 computation, whether jurisdictional or otherwise, must be determined from the text of the applicable rules. The previous chart has been totally revised and replaced by the two2 charts whichthat govern review by the Ssupreme Ccourt and review by the district and circuit courts. The prior chart and the 1977 and 1980 committee notes have been deleted.

RULE 9.800. UNIFORM CITATION SYSTEM
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full whenif used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used wheneverif the citation is intended to stand alone either in the text or in footnotes.
(a) Florida Supreme Court:.
(1) 1846-1886: Livingston v. L'Engle, 22 Fla. 427 (1886).
(2) 1887-1948: Hanna v. Martin, 160 Fla. 967, 37 So.2d 579 (1948). (This is the last case for parallel citation.)
(3) 1948-date: Sullivan v. State, 303 So.2d 632 (Fla. 1974)Fenelon v. State, 594 So.2d 292 (Fla. 1992).
(4) For recent opinions not yet published in the Southern Reporter, cite to Florida Law Weekly: Jenkins v. State, 9 F.L.W. 21 (Fla. Jan. 19, 1984)Traylor v. State, 17 Fla. L. Weekly S42 (Fla. Jan. 16, 1992). If not therein, cite to the slip opinion: or Jenkins v. State, No. 63,000 (Fla. Jan. 19, 1984)Traylor v. State, No. 70,051 (Fla. Jan. 16, 1992).
(b) Florida District Courts of Appeal:.
(1) Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA 1971)Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988); Buncayo v. Dribin, 533 So.2d 935 (Fla. 3d DCA 1988).
(2) For recent opinions not yet published in Southern Reporter, cite to Florida Law Weekly: State v. Soto, 9 F.L.W. 382 (Fla. 5th DCA Feb. 9, 1984)Myers v. State, 16 Fla. L. Weekly D1507 (Fla. 4th DCA June 5, 1991). If not therein, cite to the slip opinion: or State v. Soto, No. 83-1543 (Fla. 5th DCA Feb. 9, 1984)Myers v. State, No. 90-1092 (Fla. 4th DCA June 5, 1991).
(c) Florida Circuit Courts and County Courts:.
(1) Whidden v. Francis, 27 Fla. Supp. 80 (Fla. 11th Cir. Ct. 1966).
(2) State v. Alvarez, 42 Fla. Supp. 83 (Fla. Dade Cty. Ct. 1975).
(3) For opinions not published in Florida Supplement, cite to Florida Law Weekly: State v. Campeau, 16 Fla. L. Weekly C65 (Fla. 9th Cir. Ct. Nov. 7, 1990). If not therein, cite to the slip opinion: State v. Campeau, No. 90-4363 (Fla. 9th Cir. Ct. Nov. 7, 1990).
(d) Florida Administrative Agencies:. (Cite if not in Southern Reporter.)
(1) For decisions of the Public Employees Relations Commission: Indian River Educational. Associatio'n v. School Board. of Indian River County, 4 F.P.E.R. ¶ 4262 (1978).
(2) For decisions of the Florida Public Service Commission: In re: Application of Tampa Electric. Co. for Authority to Increase Its Rates and Charges, 81 F.P.S.C. 2:120 (1981).
(3) For decisions of all other agencies: Insurance Co. v. Department of Insurance., 2 F.A.L.R. 648-A (Fla. Dept. of Insurance 1980).
(e) Florida Constitution:. (Year of adoption should be given if necessary to avoid confusion.)
Art. V, § 3(b)(3), Fla. Const.
[Year of adoption should be given whenever necessary to avoid confusion.]
(f) Florida Statutes (oOfficial):.
§ 350.34, Fla. Stat. (1973).
§ 120.53, Fla. Stat. (Supp. 1974).
(g) Florida Statutes Annotated:. (To be used only for court-adopted rules, or references to other nonstatutory materials that do not appear in an official publication.)
32 Fla. Stat. Ann. 116 (Supp. 1975).
[To be used only for court adopted rules, or references to other non-statutory materials which do not appear in an official publication.]
*576 (h) Florida Laws. (Cite if not in Fla. Stat. or whenif desired for clarity or adoption reference.):
(1) After 1956: Ch. 74-177, § 5, at 473, Laws of Fla.
(2) Before 1957: Ch. 22000, Laws of Fla. (1943).
(i) Florida Rules:.
Fla. R. Civ. P. 1.180.
Fla. R. Jud. Admin. 2.035.
Fla. R. Crim. P. 3.850.
Fla. R. Work. Comp. P. 4.113.
Fla. R.P. & C.P.Prob. R. 5.120.
Fla. R. Traf. Ct. 6.176.165.
Fla. R. Summ. P.Sm. Cl. R. 7.070.[1]
Fla. R. Juv. P. 8.070.
Fla. R. App. P. 9.100.
Fla. R. Med. P. 20.190.
Fla. W.C.R.P. 8(b).
Fla. Admin. Code Rule. 8H-3.02.
Fla. Bar Code Jud. Conduct, Canon 5B.
Fla. Bar Code Prof. Resp. D.R. 1-101(A).
R. Regulating Fla. Bar 4-1.10.
Fla. Bar Found. By-Laws, art. 2.18(b).
Fla. Bar Found. Charter, art. 3.4.
Fla. Bar Integr. Rule., art. XI, Rrule 11.09.
Fla. Bar Integr. Rule By-laws, art. VI, § 2.
Fla. Bd. Bar Exam. Rule. III.
Fla. Jud. Qual. Comm'n Rule. 9.
Fla. Std. Jury Instr. (Civ.) 6.4(c).
Fla. Std. Jury Instr. (Crim.) 2.10(a)[page number].
Fla. Stds. Imposing Law. Sancs. 9.3
Fla. Stds. Imposing Law. Sancs. (Drug Cases) 3.
Fla. Sup. Ct. Bar Admiss. Rule., art. III.
Fla. Trans. Rule 2.
(j) Florida Attorney General Opinions:.
1973 Op. Att'y Gen. Fla. 073-178 (May 22, 1973).
(k) United States Supreme Court:.
Sansone v. United States, 380 U.S. 343, 85 S. Ct. 1004, 13 L. Ed. 2d 882 (1965).
(The first time a case is mentioned, cite to United States Reports, Supreme Court Reporter, and Lawyer's Edition. All subsequent citations to the same case, as well as pinpoint citations, shall be to the United States Reports only. For opinions not published in these reporters or in United States Law Week, cite to Florida Law Weekly Federal: California v. Hodari D., 13 Fla. L. Weekly Fed. S249 (U.S. Apr. 23, 1991).
(l) Federal Courts of Appeals:.
Gulf Oil Corp. v. Bivins, 276 F.2d 753 (5th Cir.1960).
For opinions not published in the Federal Reporter, cite to Florida Law Weekly Federal: Cunningham v. Zant, 13 Fla. L. Weekly Fed. C591 (11th Cir. March 27, 1991).
(m) Federal District Courts:.
Pugh v. Rainwater, 332 F. Supp. 1107 (S.D. Fla. 19721).
For opinions not published in the Federal Supplement, cite to Florida Law Weekly Federal: Wasko v. Dugger, 13 Fla. L. Weekly Fed. D183 (S.D. Fla. Apr. 2, 1991).
(n) Other Citations. All other citations shall be in the form prescribed by the latest edition of The Bluebook: A Uniform System of CitationA Uniform System of Citation, The Harvard Law Review Association, Gannett House, Cambridge, Mass. 02138. Citations not covered in this rule or in The Bluebook shall be in the form prescribed by the Florida Style Manual published by the Florida State University Law Review, Tallahassee, Fla. 32306.
(o) Case Names. Case names shall be underscored (or italicized) in text and in footnotes, except in footnotes.
[1]. The Florida Rules of Summary Procedure were renamed the Small Claims Rules and the abbreviation "SCR" was approved to replace "Fla.R.Summ.Proc." in Small Claims Rule 7.010 (461 So.2d 1344, 1347).
Amended Sept. 13, 1984, effective Jan. 1, 1985 (463 So.2d 1114).

Pub. Note Concerning Amendment Effective January 1, 1985
The Florida Supreme Court opinion of September 13, 1984 amending this rule effective January 1, 1985, (463 So.2d 1114) provides in part:
"Rule 9.800 has been amended to set forth appropriate citation forms for recent Supreme Court and district court of appeal decisions that are not available in Southern Reporter. The rule provides for the proper *577 temporary citation to either Florida Law Weekly or the court slip opinion. Courts are expected to continue citing to slip opinions. When a Southern Reporter Citation becomes available, it must be used."

Committee Notes
1977 RevisionAdoption. This rule is new and is included in order to standardize appellate practice and ease the burdens on the courts. It is the duty of each litigant and counsel to assist the judicial system by use of these standard forms of citation. Use of these citation forms, however, has not been made mandatory.
1992 Amendment. Rule 9.800 was updated to reflect changes in the available reporters. Additionally, the citations to new rules have been added and citations to rules no longer in use have been deleted.

RULE 9.900. FORMS
 (a) Notice of Appeal.
 IN THE [___ (NAME OF LOWER TRIBUNAL
 WHOSE ORDER IS TO BE REVIEWED]) ___
 CASEase NOo. _______________
_____________________________, )
 Defendant, /Appellant, )
 )
v. ) NOTICE OF APPEAL
 )
_____________________________, )
 Plaintiff, /Appellee. )
_________________________________)
 NOTICE IS GIVEN that _____________, Defendant, /Appellant, appeals to
the [___ (Nname of court that has appellate jurisdiction]) ___, the Oorder
of this Ccourt rendered [Ssee Rrule 9.020(g)] ____________, 19__.
[Conformed copies of orders designated in the notice of appeal shall be
attached in accordance with rules 9.110(d), and 9.160(c)]. The nature of
the order is a final order [___ (state nature of the order]) ___
 /s/ 
 _________________________________________
 Counsel for Appellant
 [Address]
 [Telephone Number]
 _____________________________________________
 Attorney for _____ (name of party) ____
 _____ (address and phone number) _____
 Florida Bar No. ______________________
 (b) Notice of Cross-Appeal.
 IN THE [___ (NAME OF LOWER TRIBUNAL
 WHOSE ORDER IS TO BE REVIEWED]) ___
 CASEase NOo. _______________
_____________________________, )
 Defendant, /Appellant, )
 Cross-Appellee, )
 )
v. ) NOTICE OF CROSS-APPEAL
 )
_____________________________, )
 Plaintiff, /Appellee, )
 Cross-Appellant. )
_________________________________)
*578
 NOTICE IS GIVEN that _____________, Plaintiff, /Cross- Appellant,
appeals to the [___ (Nname of court that has appellate
jurisdiction]) ___, the Oorder of this Ccourt rendered [Ssee Rrule
9.020(g)] ____, 19__. The nature of the order is a final order
[___ (state nature of the order]) ___.
 /s/ 
 ________________________________________
 Counsel for Cross-Appellant
 [Address]
 [Telephone Number]
 _____________________________________________
 Attorney for ____ (name of party) ____
 ____ (address and phone number) ____
 Florida Bar No. ____________________
 (c) Notice of Appeal of Non-Final Order.
 IN THE [___ (NAME OF LOWER TRIBUNAL WHOSE
 NON-FINAL ORDER IS TO BE REVIEWED]) ___
 CASEase NOo. ______________
_____________________________, )
 Defendant, /Appellant, )
 )
v. ) NOTICE OF APPEAL
 ) OF A NON-FINAL ORDER
_____________________________, )
 Plaintiff, /Appellee,. )
_________________________________)
 NOTICE IS GIVEN that ________________, Defendant, /Appellant, appeals
to the [... .(Nname of court that has appellate jurisdiction]) ___, the
Oorder of this Ccourt rendered [Ssee Rrule 9.020(g)] ____, 19__.
[Conformed copies of orders designated in the notice of appeal shall be
attached in accordance with rules 9.110(d), 9.130(c), and 9.160(c).] The
nature of the order is a non-final order [___ (state nature of the
order]) ___.
 /s/ 
 _________________________________________
 Counsel for Appellant
 [Address]
 [Telephone Number]
 _____________________________________________
 Attorney for ____ (name of party) ___
 ____ (address and phone number) ____
 Florida Bar No. ____________________
 (d) Notice to Invoke Discretionary Jurisdiction of Supreme
Court.
 IN THE DISTRICT COURT OF APPEAL OF
 FLORIDA, _______________ DISTRICT
 CASEase NOo. _______________
_____________________________, )
 Defendant, /Petitioner, )
 )
v. ) NOTICE TO INVOKE
 ) DISCRETIONARY
_____________________________, ) JURISDICTION
 Plaintiff, /Respondent,. )
_________________________________)
*579
 NOTICE IS GIVEN that _________________, Defendant, /Petitioner, invokes
the discretionary jurisdiction of the Ssupreme Ccourt to review the
decision of this Ccourt rendered [Ssee Rrule 9.020(g)] _________, 19__.
The decision [___ (state why the decision is within the Ssupreme
Ccourt's jurisdiction]) ___.[1]
 /s/ _________________________________________
 Counsel for Petitioner
 [Address]
 [Telephone Number]
 ____________________________________________
 Attorney for ____ (name of party) ____
 ____ (address and phone number) _____
 Florida Bar No. _______________________
(e) Notice of Administrative Appeal.
 IN THE [___ (NAME OF AGENCY, OFFICER,
 BOARD, COMMISSION, OR BODY WHOSE ORDER
 IS TO BE REVIEWED]) ___
 CASEase NOo. _______________
_________________________________, )
 Defendant[*], /Appellant, )
 )
v. ) NOTICE OF
 ) ADMINISTRATIVE
_________________________________, ) APPEAL
 Plaintiff[*], /Appellee,. )
____________________________________)
 NOTICE IS GIVEN that ____________________, Appellant, appeals to the
[___ (name of court that has appellate jurisdiction]) ___, the Oorder of
this [___ (name of agency, officer, board, commission, or body whose
order is to be reviewed]) ___ rendered [Ssee Rrule 9.020(g)] ____, 19__.
[Conformed copies of orders designated in the notice of appeal shall be
attached in accordance with rules 9.110(d) and 9.130(c).] The nature of
the order is [___ (state nature of the order]) ___.
 /s/ 
 _________________________________________
 Counsel for Appellant
 [Address]
 [Telephone Number]
 _____________________________________________
 Attorney for ____ (name of party) ____
 ____ (address and phone number) ____
 Florida Bar No. ____________________
*580
 f. Directions to Clerk.
 IN THE [___ (NAME OF LOWER TRIBUNAL
 WHOSE ORDER IS TO BE REVIEWED]) ___
 CASEase NOo. _______________
_________________________________, )
 Plaintiff, /Appellant, )
 )
v. ) DIRECTIONS TO CLERK
 )
_________________________________, )
 Defendant, /Appellee,. )
____________________________________)
 Plaintiff, /Appellant, ________________, directs the Cclerk to
[__ (include] [/ exclude]) __ the following items [__ (in] [/from]) __
the original record described in Rrule 9.200(a)(1):
 ITEM DATE FILED
1.
 [List of Desired Items]
2.
Note: This form is necessary only if a party does not wish to rely upon
the record whichthat will be automatically prepared by the clerk under
Rrule 9.200(a)(1).
 g. Designation to Reporter.
 IN THE [___ (NAME OF LOWER TRIBUNAL
 WHOSE ORDER IS TO BE REVIEWED]) ___
 CASEase NOo. ______________
______________________________, )
 Plaintiff, /Appellant, )
 )
v. ) DESIGNATION TO REPORTER
 ) AND REPORTER'S ACKNOWLEDGMENT
_____________________________, )
 Defendant, /Appellee. )
_________________________________)
 I. DESIGNATION
 Plaintiff, /Appellant, __________________, files this Designation to
Reporter and directs [___ (name of court reporter]) ___ to transcribe an
original and ____ copies of the following portions of the trial
proceedings to be used in this appeal:
 1. The entire trial proceedings recorded by the Rreporter on ____,
19__, before the Honorable [___ (Jjudge]) ___, except ________________.
 2. [Indicate all other portions of reported proceedings].]
 3. The court reporter is directed to file the original with the clerk
of the lower tribunal and to serve one copy of each of the following:
 1.
 2.
 3.
 I, Ccounsel for Appellant, certify that satisfactory financial
arrangements have been made with the court reporter for preparation of
the transcript.
*581
 =============================================
 Counsel for Appellant
 _____________________________________________
 Attorney for ____ (name of party) ____
 ____ address and phone number) ____
 Florida Bar No. ___________________
 II. REPORTER'S ACKNOWLEDGMENT
 1. The foregoing designation was served on ____, 19__, and received on
____, 19__.
 2. Satisfactory arrangements have () have not () been made for payment
of the transcript cost. These financial arrangements were completed on
____.
 3. Number of trial or hearing days ____.
 4. Estimated number of transcript pages ____.
 5a. The transcript will be available within thirty (30) days of service
of the foregoing designation and will be filed on or before the ____ day
of _____, 19__.
 OR
 5b. For the following reason(s) the court reporter requests an
extension of time of ____ days for preparation of the transcript
whichthat will be filed on or before the ____ day of _____, 19__:
_______________________________________________.
 6. Completion and filing of this acknowledgment by the court reporter
constitutes submission to the jurisdiction of the Ccourt for all purposes
in connection with these appellate proceedings.
 7. The undersigned court reporter certifies that the foregoing is true
and correct and that a copy has been furnished by mail () hand delivery
() this ____ day of ____, 19__, to each of the parties or their counsel.
 _________________________
 Court Reporter
 ____ (address) ____
ADDRESS:
__________________________________
__________________________________
__________________________________
__________________________________
__________________________________
__________________________________
Note: The foregoing court reporter's acknowledgment to be placed "at the foot of" or attached to a copy of the designation, shall be properly completed, signed by the court reporter, and filed with the clerk of the appellate court within five (5) days of service of the designation upon the court reporter. A copy shall be served on all parties or their counsel, who shall have five (5) days to object to any requested extension of time. See Fla. R. App. P. 9.200(b)(1), (2), & (3).
 h. Civil Supersedeas Bond.
 [___ (Title of Court]) ___
 Case No. _____________________
____________________________, )
 Plaintiff, )
 )
v. ) CIVIL SUPERSEDEAS BOND
 )
____________________________, )
 Defendant. )
_______________________________)
*582
 We, ________________ as Principal, and _________________ as Surety, are
held and firmly bound unto _______________ in the principal sum of $ ____,
for the payment of which we bind ourselves, our heirs, personal
representatives, successors, and assigns, jointly and severally.
 The condition of this obligation is: Tthe above-named Principal has
entered an appeal to the [___ (Ccourt]) ___ to review the [___ (judgment
or order]) ___ entered in the above case on [___ (date]) ___, and filed
in the records of said court in Bbook ____ at page ____.
 NOW THEREFORE, if the Principal shall satisfy any money judgment
contained in the judgment in full, including, if allowed by law, costs,
interest, and attorney's' fees, and damages for delay in the event said
appeal is dismissed or said judgment is affirmed, then this obligation
shall be null and void; otherwise to remain in full force and effect.
 Signed on [___ (date]) ___, at [(___ place]) ___
 /s/ _________________________
 Principal
 Signed on [___ (date]) ___, at [___ (place]) ___
 /s/ _________________________
 Surety
 Committee Notes
 1980 Amendment. Forms 9.900(a) and (b) under the 1977 rules are
modified, and additional forms are provided.
 1992 Amendment. Forms 9.900(a), (c), and (e) were revised to remind the
practitioner that conformed copies of the order or orders designated in
the notice of appeal should be attached to the notice of appeal as
provided in rules 9.110(d), 9.130(c), and 9.160(c).
NOTES
[1] We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
[1] Proceedings pursuant tounder Rrules 9.100 and 9.130 follow the same timetables as those in the Ddistrict Ccourts of Aappeal.
[2] Appeals from summary denials of motions for post-conviction relief under Fla. R. Crim. P. 3.850 are governed by Fla. R. App. P. 9.140(g).
[3] Within 20 days of commencement in appeal proceedings from Ddistrict Ccourts of Aappeal or bond validation proceedings.
[4] Within 60 days of filing notice of appeal in appeal proceedings from Ddistrict Ccourts of Aappeal.
[5] Within 10 days from rendition of decision in bond violationvalidation proceedings.
[1] Add 10 days to times if Ccross-Aappeal is filed.
[2] Appeals from summary denials of motions for post-conviction relief under Fla. R. Crim. P. 3.850 are governed by Fla. R. App. P. 9.140(g).
[1] The choices are:

a. expressly declares valid a state statute.
b. expressly construes a provision of the state or federal constitution.
c. expressly affects a class of constitutional or state officers.
d. expressly and directly conflicts with a decision of another district court of appeal or of the Ssupreme Ccourt on the same question of law.
e. passes upon a question certified to be of great public importance.
f. is certified to be in direct conflict with decisions of other district courts of appeal.
See Rrule 9.030(a)(2)(a).
[*] or other appropriate designation.